UNITED STATES, Appellee,

v.

Erick D. BROWN, Private First
Class U.S. Army, Appellant.

No. 66,171.

CM 8903047.

U.S. Court of Military Appeals.

Argued Nov. 13, 1991.

Decided March 6, 1992.

For Appellant: *Captain Emmett G.
Wells* (argued); *Colonel Robert B. Kirby*
and *Captain James M. Heaton* (on brief);
*Lieutenant Colonel Russell S. Estey, Captain Brian D. Bailey,* and *Captain Lauren B. Leeker.*

For Appellee: *Captain Steven M. Walters* (argued); *Colonel Alfred F. Arquilla,
Lieutenant Colonel Daniel J. Dell'Orto,
Captain Timothy W. Lucas* (on brief);
*Captain Kenneth H. Goetzke, Jr.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

During August and September 1989, appellant was tried by a general court-martial composed of officer and enlisted members at Baumholder, Federal Republic of Germany. Contrary to his pleas, he was found guilty of larceny, sodomy, and extortion, in violation of Articles 121, 125, and 127, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 925, and 927, respectively. In addition, he pleaded guilty to and was found guilty of violating a general regulation, failing to obey a lawful order by a military police officer, and assault consummated by a battery, in violation of Articles 92 and 128, UCMJ, 10 U.S.C. §§ 892 and 928, respectively. The members of this court-martial sentenced appellant to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence on March 22, 1990. The Court of Military Review affirmed in a short-form decision dated December 19, 1990.

On June 4, 1991, this Court granted review on two questions of law. The first issue for review, specified by this Court, asks:

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING THE GOVERNMENT TO AMEND THE SPECIFICATION OF CHARGE III BY CHANGING THE DATE, AFTER APPELLANT HAD BEEN ARRAIGNED ON THAT CHARGE AND SPECIFICATION.

The second issue, assigned by appellate defense counsel, is:

WHETHER THE MILITARY JUDGE ERRED BY DENYING A CHALLENGE FOR CAUSE AGAINST CHIEF WARRANT OFFICER LOPEZ, A COURT MEMBER WHOSE SON HAD BEEN THE VICTIM OF A HOMOSEXUAL ASSAULT, WHERE ONE OF THE CHARGES AGAINST APPELLANT INVOLVED HOMOSEXUAL SODOMY.

We resolve both these questions in the Government's favor.

Charges were preferred against appellant on May 30, 1989, and referred to a court-martial on August 11, 1989. The pertinent charge of sodomy so preferred and referred states:

SPECIFICATION: In that [appellant] did, at or near Baumholder, Federal Republic of Germany, *on or about 4 March, 1989*, commit sodomy with Private E2 Christopher L. Johnson.

(Emphasis added.) Appellant was subsequently arraigned on this charge on August 31, 1989, but his court-martial was continued at defense request until September 26, 1989.

On September 26, 1989, trial counsel made the following motion at this same court-martial but before a different military judge:

TC: Your Honor, the accused was properly arraigned on the 31st of August 1989. The Government wishes, pursuant to Rule for Court–Martial 603(c), to move in front of the military judge to amend the Specification of Charge III and Specification 1 of Charge IV in the following manner: first, in the Specification of Charge III, to change the date to read "on or about 11 March 1989" and on Specification 1 of Charge IV to read "on or about 11 March 1989" and to except the words, quote, and to expose his homosexual activities to his chain of command, unquote, dropping that language from the specification, and, also, the same language from Specification 2 of Charge IV, quote, and to expose his homosexual activities to his chain of command, unquote.

So, that the charges and specifications would read—Charge III and its specification, "In that [appellant] did, at or near Baumholder, Federal Republic of Germany, on or about 11 March 1989, commit sodomy with Private E2 Christopher L. Johnson," and that the specifications of Charge IV would read—sorry, Your Honor—Specification 1 of Charge IV would read, "In that [appellant] did, at or near Baumholder, Federal Republic of Germany, on or about 11 March 1989, with intent unlawfully to obtain something of value, to wit: $150.00, communicate to Private E2 Christopher L. Johnson a threat to beat him," and that Specification 2 of Charge IV would read the same except the language, quote, and to expose his homosexual activities to his chain of command [unquote] would be excluded.

Civilian counsel (CC), when asked if he opposed this motion, said:

CC: Yes, Your Honor. The defense provided to the Government, as is required by Rule for Court–Martial 701(b)(1), a notice of alibi as to specification and Charge of Charge III, as well as Specification 1 of Charge IV, as originally arraigned. I am now handing Appellate Exhibit III, which is that document, notice of alibi, to the military judge. The amendment that the Government has just proposed as to the dates, we believe, amounts to a major change, a major amendment and it's clear that the defense would be prejudiced in its presentation of its case by such an amendment.

MJ: Can you explain how?

CC: Yes, Your Honor. The defense has prepared and has relied on the arraignment as to the date in question.

The complaining victim, PFC Christopher Johnson, in his initial report to CID [Criminal Investigation Command] as well as in his sworn testimony at the Article 32 [*] consistently maintained 4 March was the date of the incident. During its investigation, the defense discovered the alibi of the accused that he was not even in Baumholder, certainly, not even in the Republic of Germany at the time and prepared to defend on the defense of alibi. The Government attempting now to change that has caused—or would cause the defense and the accused to have to refocus to a different time period to determine if there were on that date yet another alibi, to reexamine the entire case. The defense has been misled and our focus has been to 4 March 1989. To this end, the accused's wife, who is listed in Appellate Exhibit III, flew at her own expense to Germany to testify. This expense to the accused is, also, a prejudice which has resulted from the Government's allegation of 4 March and that allegation, we believe, to be consistent with the testimony, so far, of their complaining witness. We, therefore, believe the defense has been prejudiced and misled and that, therefore, this is a major change and should be considered under Rule for Court–Martial 603(d) as in delta, rather than (c), whereby, over defense objection, no major change may be made after arraignment and we do interpose an objection.

Both parties then argued their respective positions on this motion. Trial counsel concluded his argument as follows:

TC: Your Honor, the only thing that the Government would add is, basically, the notice of alibi was not received—although the rules allow that notice of alibi be served prior to merits, it was not received until this afternoon—this morning, I'm sorry, and I discussed the case with Mr. Court on Thursday [the 21st], telling him of my intention to move and he said he would have to discuss it with his client. On Monday, he indicated that he had not yet had an opportunity to discuss it with his client, that he would have to oppose it, therefore, and then, this morning, I get the notice of alibi. Alibi was not even an issue prior to this. Although it is legitimate and the defense can so indicate, it certainly goes to indicate that alibi was not a key factor in the defense's preparation of their case.

The military judge granted the Government's motion to amend.

Later on at this court-martial, *voir dire* of detailed court-martial members occurred. The record states:

CC: Thank you, sir. Does any panel member have a family member or close friend who has been a victim of a serious offense of any kind? Affirmative responses from Mr. Lopez and Sergeant First Class Davis.

Mr. Lopez, what family member and what crime, if you ...

MBR (LOPEZ): It was my son. It was an assault charge.

CC: Thank you....

\* \* \* \* \* \*

MJ: Mr. Lopez, just have a seat anywhere along the panel you desire. Let the record reflect that Captain Garland has departed the courtroom and that Mr. Lopez has entered the courtroom. You may proceed.

CC: Thank you, Your Honor. Mr. Lopez, you indicated that your son had been the victim of an assault at some point. First of all, about how long ago did that occur?

MBR (LOPEZ): Two years ago.

CC: And how old was your son at the time?

MBR (LOPEZ): He was seven.

CC: Okay. Was there any lasting injury to him as a result of this?

MBR (LOPEZ): Physical or mental?

CC: In any way you would think of a lasting injury.

MBR (LOPEZ): Possibly, yes.

* Uniform Code of Military Justice, 10 USC § 832.

CC: Can you, in general terms, describe what you mean when you say "assault"?

MBR (LOPEZ): It was a sexual assault charge, actually.

CC: I assume a homosexual.

MBR (LOPEZ): Check—yes.

CC: Was the perpetrator ever caught, to your knowledge?

MBR (LOPEZ): Yes, he was tried and convicted.

CC: Was that in this community or was that on another assignment?

MBR (LOPEZ): It was Fort Knox, Kentucky.

CC: Was the perpetrator military or civilian?

MBR (LOPEZ): Ex-military retired.

CC: As you can see, one of the allegations on the charge sheet involves the word "sodomy," since the victim is, also, listed as a male, clearly dealing with an allegation of homosexual actions. You've read the charge sheet to that degree. Right?

MBR (LOPEZ): Yes.

CC: Okay. Does the fact of this attack on your son, in the broadest sense as a homosexual situation, cause you some thoughts about this case and that allegation, in particular?

MBR (LOPEZ): No.

CC: Do you recall or do you know what occurred to the perpetrator of your son's attack? What did he get, if your know?

MBR (LOPEZ): Ten years—ten to twenty years was the sentencing.

CC: Do you recall if that was a case where the assault was—whether the perpetrator denied it and challenged it or whether he pled guilty?

MBR (LOPEZ): He pled guilty.

CC: Did you or your son have any interaction with the justice system as [a] result of his guilty plea? That is, were you called to be witnesses for the prosecution or anything like that?

MBR (LOPEZ): We were there, but we never got called up.

CC: Okay. How did you feel about the result to that case?

MBR (LOPEZ): I was satisfied with the outcome for the most part, yes.

CC: Thank you.

TC: If I may, Your Honor? Mr. Lopez, you've indicated, in response to Mr. Court's question the unfortunate criminal thing that happened to your son would not affect your ability to sit impartially on this case. Is that correct?

MBR (LOPEZ): Yes—yes.

TC: You are aware, are you not, that the accused has been charged with consensual sodomy with another soldier?

MBR (LOPEZ): Yes.

TC: Could you articulate to the court why you are able to say so emphatically that the situation in your family would not affect your impartiality in this case? Why is that?

MBR (LOPEZ): I feel I can hold an open opinion as far as making any call on whether guilty or not guilty. The range of what happened to my family and this particular case is a great distance.

TC: You would hold the Government to its burden of proving beyond a reasonable doubt that the accused is guilty of that charge.

MBR (LOPEZ): Yes.

TC: Thank you.

MJ: Did you have any other individual *voir dire* of any other court member?

CC: I did, Your Honor, but I did have one other question or one other area for Mr. Lopez based on the Government's question.

MJ: All right.

CC: Sir, I appreciate your ability to be impartial in deciding guilt or innocence but let's look to the possibility that the panel convicts, with or without your vote, for that. At that point, you would have someone in front of you convicted of the same kind of activity that happened to your son.

MJ: Well, hardly, but ...

CC: In the general sense of a homosexual activity. Would you be able to

assure us, sir, that what happened to your son and the sentence that that person received would not affect your decision on what should be an appropriate sentence?

MBR (LOPEZ): Yes.

CC: And how can you do that?

MJ: Just like he's told you. He doesn't see a relationship between the two cases. He's told you that.

CC: All right, Your Honor. Thank you. I have nothing further.

MJ: Gentlemen, I'm allowing a great deal of liberality in these questions. When you get down to the point where you're asking about issues that are steps away from the issues that are germane to this case, I think there's a limit.

All right, Mr. Lopez, you may take your seat in the deliberation room.

(CW2 Lopez withdrew from the courtroom.)

Defense counsel later challenged CW2 Lopez for cause because his responses reflected a hidden bias counter to his assertion of impartiality. Trial counsel opposed this challenge. The military judge denied the challenge, relying on the member's demeanor and express disclaimers. Defense counsel then used his peremptory challenge against this potential member, although he indicated that he would have used it against another member if his challenge for cause had been granted. CW2 Lopez did not sit as a member of appellant's court-martial.

## I

■ The first issue to be addressed in this case is the one specified by this Court. It questions the propriety of the military judge's post-arraignment decision to permit the prosecution to amend by 7 days the date of the charged offense of sodomy. *See generally United States v. Johnson,* 12 USCMA 710, 31 CMR 296 (1962). Defense counsel claimed at trial and now before this Court that "[t]he last-minute amendment surreptitiously undermined [his] alibi and left appellant unprepared to defend against the charges...." Final Brief at 10. We disagree and find no legal error in the judge's ruling allowing this amendment of the challenged specification.

RCM 603, Manual for Courts-Martial, United States, 1984, the rule of procedure which addresses amendment of charges at courts-martial, states:

**Rule 603. Changes to charges and specifications**

(a) *Minor changes defined. Minor changes in charges and specifications are any except those which add a party, offense, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged.*

\*   \*   \*   \*   \*   \*

(b) *Minor changes before arraignment.* Any person forwarding, acting upon, or prosecuting charges on behalf of the United States except an investigating officer appointed under R.C.M. 405 may make minor changes to charges or specifications before arraignment.

\*   \*   \*   \*   \*   \*

(c) *Minor changes after arraignment. After arraignment the military judge may, upon motion, permit minor changes in the charges and specifications at any time before findings are announced if no substantial right of the accused is prejudiced.*

(d) *Major changes.* Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew.

(Emphasis added.)

This Rule for Court–Martial procedure is similar to the more concise Fed.R.Crim.P. 7(e), which states:

(e) **Amendment of Information.** The court may permit an information to be amended at any time before verdict or finding *if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.*

(Emphasis added.) For several reasons we conclude that the principles of fairness and due process embraced in these rules were not undermined in appellant's case.

First, appellant was originally charged with sodomy "on or about" March 4, 1989. "On or about," however, are words of art in pleading which generally connote any time within a few weeks of the "on or about" date. *United States v. Grapp*, 653 F.2d 189, 195 (5th Cir.1981); *Yaw v. United States*, 228 F.2d 382–83 (9th Cir.1955). Thus, appellant cannot claim that he was misled by the initial charges in this case or that he reasonably believed the crimes alleged against him could not be shown by the Government to have actually occurred on March 11, 1989. *See United States v. Squirrell*, 2 USCMA 146, 149, 7 CMR 22, 25 (1953); *United States v. Morris*, 623 F.2d 145, 149 (10th Cir.), *cert. denied*, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 609 (1980).

Second, the date of the alleged sodomy was not offense-defining and could properly be considered minor within the meaning of the above rules. *See United States v. Brown*, 4 USCMA 683, 687–88, 16 CMR 257, 261–62 (1954). There was no problem in appellant's case with the statute of limitations, and no other reason exists for concluding time was of the essence with respect to this statutory crime. *Cf. United States v. Wray*, 17 MJ 375 (CMA 1984). Accordingly, no new offense was created by the challenged amendment.

Finally, defense counsel had 5 days' notice of the prosecution's intended amendment of the date in this sodomy specification. Furthermore, he did not request a continuance to restructure his defense in light of the prosecution's action. *See U.S.A.C. Transport v. United States*, 203 F.2d 878 (10th Cir.), *cert. denied*, 345 U.S. 997, 73 S.Ct. 1139, 97 L.Ed. 1403 (1953). Thus, no actual prejudice to appellant's defense was shown to have occurred as a result of this amendment. *See United States v. Johnson, supra; United States v. Muelbl*, 739 F.2d 1175, 1181 (7th Cir.), *cert. denied*, 469 U.S. 982, 105 S.Ct. 388, 83

L.Ed.2d 322 (1984); *United States v. Klissas*, 218 F.Supp. 880, 882 (D.Md.1963).

## II

■ The second issue in this case concerns the military judge's denial of the defense challenge for cause against Chief Warrant Officer Lopez. We have previously held that the mere fact that a potential member of a court-martial had himself been a victim of a similar crime did not *per se* disqualify that person as a court-martial member. *United States v. Smart*, 21 MJ 15, 19 (CMA 1985); *United States v. Porter*, 17 MJ 377, 380 (CMA 1984). Accordingly, the mere fact that a relative of a potential court member has similarly suffered is also not *per se* disqualifying. *See United States v. Smart, supra* at 20.

Appellant's real complaint in this case is that Chief Warrant Officer Lopez, despite his protestations to the contrary, could not realistically remove his son's status as a victim of a homosexual assault from his mind in considering the charge of consensual sodomy lodged against appellant. A similar argument was made in *United States v. Smart, supra* at 20. There, this Court accepted such a contention where the prospective member of a court-martial for armed robbery was himself subjected to the "trauma" of a knife-robbery "six or seven" times. Here, however, Chief Warrant Officer Lopez himself was not the victim of a homosexual assault, and it was not shown that he was repeatedly exposed even indirectly to homosexual overtures. In this less compelling context, the traumatized-victim analysis is not particularly applicable. *See United States v. Reichardt*, 28 MJ 113, 116 (CMA 1989).

Nevertheless, the military judge cannot simply ignore these circumstances or rely on naked disclaimers of bias in permitting a person so experienced to sit as a member of a court-martial. *See generally* RCM 912(f)(1)(N). *See United States v. Reichardt, supra* at 116. As indicated above, Chief Warrant Officer Lopez forthrightly acknowledged his son's status as a victim of a homosexual assault. Moreover, as

conceded by defense counsel, he candidly, albeit somewhat reluctantly, discussed the pertinent circumstances of this tragic occurrence with the military judge and both counsel. Thirdly, he affirmed his impartiality in appellant's case despite the earlier incident and articulated an intelligible reason for maintaining his neutrality, *i.e.*, the different circumstances in his son's case. Finally, the military judge evaluated and accepted this prospective member's more-than-naked disclaimer on the basis of a careful examination of this person's demeanor as demonstrated during *voir dire. United States v. Smart, supra* at 21. On the basis of this record, we can lawfully afford some deference to the military judge's decision on this challenge for cause. *See United States v. Jobson,* 31 MJ 117, 122 (CMA 1990) (Sullivan, J., concurring). *Cf. United States v. Berry,* 34 MJ 83 (CMA 1992). *See generally* Drafters' Analysis to RCM 912(f)(3), Manual, *supra* at A21–54.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT, concur.

Judges CRAWFORD, GIERKE and WISS, did not participate.