**UNITED STATES, Appellee,**

v.

**Michael H. HUNT, Sergeant United States Army, Appellant.**

No. 67,922.

CMR No. 9001263.

U.S. Court of Military Appeals.

Argued April 7, 1993.

Decided Aug. 18, 1993.

For Appellant: *Captain David L. Thomas* (argued); *Colonel Malcolm H. Squires, Jr.* and *Major Fran W. Walterhouse* (on brief); *Colonel Robert B. Kirby, Captain Holly K. Desmarais, Captain Michael P. Moran.*

For Appellee: *Captain Samuel J. Smith, Jr.* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Donna L. Bartlett* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On April 30, and May 1 and 2, 1990, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Dix, New Jersey. Contrary to his pleas, appellant was convicted of rape; larceny; two specifications of assault; adultery; and engaging in conduct of a nature to bring discredit upon the Armed Forces, in violation of Articles 120, 121, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 921, 928, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 14 years, total forfeitures, and reduction to

Private E1. On June 22, 1990, the convening authority approved the sentence. The Court of Military Review affirmed the findings and the sentence on February 28, 1992. 34 MJ 779.

On October 13, 1992, this Court granted appellant's petition for further review of two issues. They are:

## I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE REFUSED TO DISMISS CHARGE I (RAPE) IN THAT THERE WAS A FATAL VARIANCE BETWEEN THE DATE OF THE ALLEGED RAPE RELIED UPON BY APPELLANT IN THE CHARGE SHEET AND AT THE ARTICLE 32(B) INVESTIGATION, AND THE DATE PROVEN BY THE GOVERNMENT AT TRIAL.

## II

WHETHER THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE CHARGE I (RAPE).

We decide both issues adversely to appellant. *See United States v. Brown,* 34 MJ 105 (CMA 1992) (variance); *United States v. Clark,* 35 MJ 432 (CMA 1992) (legal sufficiency).

Appellant was charged, *inter alia,* with the crime of rape in violation of Article 120. The specification of Charge I states:

SPECIFICATION: In that SGT Michael H. Hunt, did, at Fort Dix, NJ, *on or about 20 October 1989,* rape PVT [KC]. (Emphasis added).

Defense counsel did not make a motion under RCM 906(b)(6), Manual for Courts–Martial, United States, 1984, for a bill of particulars or under RCM 906(b)(4) for amendment of this specification.

The following evidence was introduced during appellant's trial. Private (now Ms.) B testified that "in late September or early to middle October 1989" she and the alleged victim, Private (now Ms.) C, absconded from their company area during Advanced Individual Training in order to purchase cigarettes at a local inn. While at the inn, appellant (in civilian attire) approached B and C, ascertained their military status, and promised not to report their unauthorized absence. B and C then accepted his offer to give them a ride back to the barracks. In order to decrease the likelihood of detection, appellant told them to remove their military headgear. Appellant also switched vehicles to ensure that he would not be observed with trainees in his car. Then appellant suggested that they consume some alcohol, and he drove to a liquor store. Appellant had some alcohol in a bag in the back seat. B testified that after appellant covered the front windshield with a visor, appellant opened a bottle and all three drank from it.

In response to persistent questioning by B and C, appellant admitted that he was in the military and told them that he worked "in intelligence." Appellant also showed them a receipt bearing his name. His last name stood out to the two because it was the same as that of the female sergeant who was performing charge-of-quarters duties at their barracks that evening. At some point, appellant leaned over and kissed C.

C further testified that, although she was surprised by the kiss, she did not resist. Eventually appellant drove them back to a parking lot near their barracks so they could return to the barracks before the doors were locked for the evening. Appellant suggested that B reconnoiter to see if B and C could get back in the building. C told B that she would follow shortly.

After B left the vehicle, C and appellant began kissing. Appellant unbuttoned C's pants, and he began fondling her genital area as she fondled appellant's penis outside of his trousers. He then moved over to her side of the car, put his weight on her chest, trapped her arms, and said, "Just let me stick it in." C testified that she repeatedly said "no" and told him to "get off" of her. While C was crying and imploring him to stop, appellant stuck his penis

into her vagina. Appellant briefly withdrew his penis, and then he reinserted it.

B testified that she returned to the vehicle approximately 10 minutes after she had exited it. B knocked on the tinted window, and as she was walking away, C "stumbled out" of the car. C looked disheveled and appeared to be "fixing her uniform." C repeatedly said, "Oh, my God" as she ran to the barracks and then became physically ill. C then laid down on her bunk, was "totally unresponsive" to questions, and repeatedly said, "Oh, my God. Oh, my God" and "He wouldn't get off. He wouldn't get off. I told him to stop and he wouldn't stop." Later, when B asked C what had happened with appellant, C said that appellant had sex with her while she was resisting.

C testified that she reported the rape on October 20, 1989, 3 weeks after the incident.

At the close of the Government's case, defense counsel made a motion for a finding of not guilty pursuant to RCM 917. The record states:

TC: Yes, Your Honor, if you could instruct the court members on the issue of variance of the dates. On the rape charge the allegation is for on or about 20 October, and the evidence, through the various witnesses, has shown that it may well have been any date from around the 30th of September through the 20th of October. And if you could please instruct the members of the meaning of "on or about."

MJ: Okay.

DC: Your Honor?

MJ: Yes?

DC: If I may, that was going to be one of the other motions by the defense at the close of government evidence, is Rule 917 motion on the rape charge. Defense's position is that that is a fatal variance. It's not a minor one. There's a three-week discrepancy in the evidence that was presented at the 32 investigation versus the evidence that was presented in court.

MJ: Well now I don't know what was presented at the 32 investigation, not having been there and not really—and I'm not sure it makes any difference what was presented at the Article 32 Investigation.

DC: Well, Your Honor, the charges——

MJ: Why would that make a difference?

DC: Your Honor, the charges, as you know, in General Court–Martial, are reviewed by an investigating officer pursuant to RCM 405. The particular charge that was examined was a rape that was alleged on the 20th of October. And that was the charge recommended to be tried. The testimony at the 32 investigation would be important because if it tended to make the investigating officer believe that 20 October was the date that it occurred, then that was the date upon which he based his recommendation that the charges come to a GCM.

MJ: Well I don't see the point. Indeed, that may have been the day that it occurred. The government's not saying that it didn't occur on that day. That's what "on or about" means, is on or about within a reasonable period of time from 20 October.

DC: Well, Your Honor, to sustain though—or to have an instruction on variance, there would have to be at least a finding by you that it was a minor—could be considered a minor variance to begin with. This is a three-week variance. The defense has presented an alibi witness on the date alleged in the pleadings by the government in anticipation that they would try to prove 20 October. Now even the government is stipulating that they're attempting to prove that it occurred three weeks beforehand. We gave the government notice of alibi before trial, as required by Rule 701, and our argument is that if they intended to prove that the rape occurred three weeks beforehand, they had a duty to interview that individual and let us know what was going on and change the charge, if necessary——

MJ: Okay, so your objection is really that the instruction would give them an idea that they can make more than a slight change.

DC: Yes, Your Honor, and three weeks is more than a slight change. That would be our argument. *And it prejudices the accused because we went to trial anticipating defending the 20th of October to the extent of being an alibi.* I don't know right now whether or not we could produce an alibi witness on late September——

MJ: Okay, well I'm—all right, I'm inclined to agree. I'm not going to give the variance instruction. Now you can certainly argue that—for the government—that "on or about" means exactly what it says it means, on or about. And, of course, the defense can argue that they've taken care of the 20th of October and didn't have an obligation to take care of any other day, or however, you'd like to argue. But I think that's properly a legitimate objection to the—and the instruction on variance is designed for the kind of thing to make minor changes. And, under the circumstances, the factual circumstances of this case, I would say that that's not a minor change, not to a degree. Now the 19th or 21st or whatever, within a few days of the 20th, I would say would not [sic] be minor. All right, what else? Anything else?

(Emphasis added.)

## I

■ Appellant initially contends that the military judge erred when he refused to dismiss the rape charge against him because of a fatal variance between the date of the offense charged and the date of the offense proven at his court-martial. *See* RCM 917 (motion for finding of not guilty based on insufficient evidence). To prevail on a fatal-variance claim, appellant must show that the variance was material and that it substantially prejudiced him. *Unit-*

ed *States v. Lee*, 1 MJ 15, 16 (CMA 1975); *see United States v. Wray*, 17 MJ 375 (CMA 1984); *see also United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir.), *cert. denied*, 484 U.S. 957, 108 S.Ct. 355, 98 L.Ed.2d 380 (1987). In our view appellant has failed on both prongs of this test.

■ First, we note that there was no material variance, as a matter of law, in this case. Appellant was not charged with rape on October 20, 1989, but with rape "on or about October 20, 1989." The words "on or about" in pleadings mean that "the government is not required to prove the exact date, if a date *reasonably near* is established." *United States v. Nersesian*, 824 F.2d at 1323 (emphasis added); *see United States v. Brown*, 34 MJ at 110. Here the evidence of record established that the offense of rape occurred within 3 weeks of October 20, 1989, the date the rape was reported. In our view, this case does not present an improper material variance. *Cf. United States v. Nersesian, supra* at 1323 (no variance where "on or about June 1984" was alleged but offense was proven in July or August 1984); *United States v. Duke*, 940 F.2d 1113, 1119–20 (8th Cir.1991) (no variance where day after arrest was alleged as "on or about" day of the offense); *United States v. Cochran*, 697 F.2d 600, 604 (5th Cir.1983) (no variance where "on or about November 1, 1981" was alleged and September 1981 was proven).

■ Second, assuming a material variance occurred here as a matter of law, we still cannot find reversible error in the judge's denial of the motion for a finding of not guilty. To prevail on that motion appellant must show that he was prejudiced by the variance in this case. *United States v. Lee, supra* at 16; *see United States v. Duke, supra* at 1120. In this regard, we note that the record does not show that he was surprised at trial by the purported discrepancy in proof.[1] The Gov-

1. The charge and specification containing the "on or about" language was preferred by Captain Stone on January 4, 1990. It was investi-

gated by Major Graham beginning on January 9, 1990. This same charge was referred to a general court-martial on March 19, 1990, and

ernment utilized the "on or about" language in its referred charge and specification, which provided some pretrial notice to the accused, in the pleadings, concerning the date of the alleged offense. *See id.; United States v. Cochran, supra* at 604. Furthermore, the state of the Government's proof was readily apparent from the witness testimony and other evidence presented at the pretrial investigation under Article 32, UCMJ, 10 USC § 832, in which defense counsel participated.[2] *See also United States v. Brown, supra* at 110; *United States v. Lee, supra* at 16. Finally, appellant made no motion for a more specific charge to defend against or requested a continuance to prepare such a defense. *United States v. Brown, supra; see United States v. Karl,* 3 USCMA 427, 12 CMR 183 (1953). Appellant's attempt to use his pretrial notice of alibi to bind the prosecution to a date which it did not particularly allege, and then claim surprise, is to no avail. *See also* RCM 701(b)(1), Discussion ("If the defense needs more detail as to the ... date ... of the offense ... it should request a bill of particulars.").

## II

We also find appellant's legal-sufficiency question to be without merit. Appellant's defense at this court-martial was based on C's credibility.[3] On appeal, he has changed tactics. Appellant now implies that as a matter of law the circumstances evidenced at trial fail to show lack of consent, or, at the very least, that the Government did not disprove beyond a reasonable doubt that appellant had acted under mistake of fact. We reject this invitation to substitute ourselves for the factfinder.

No authority has been posited for concluding that, as a matter of fact or law, there was consent by the victim, C, under the circumstances of this case. *See United States v. Clark,* 35 MJ 432, 433 (CMA 1992) (constructive force between instructor and trainee). Moreover, there is no evidence supporting a reasonable-mistake-of-fact defense in this case. *See United States v. Carr,* 18 MJ 297, 302 (CMA 1984) (unreasonable to disregard "no"); *cf. United States v. Baran,* 22 MJ 265 (CMA 1986). Finally, the evidence of record includes some legal and competent evidence upon which reasonable factfinders could find or infer each and every element of the charged offense beyond a reasonable doubt. That's enough.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

---

trial began on April 30, 1990. Appellant was represented by Captain Shaver, his counsel, both at the pretrial investigation under Article 32, Uniform Code of Military Justice, 10 USC § 832, and at the later court-martial.

2. The victim's initial pretrial statement was made on October 20, 1989, and she stated the rape occurred "[a]bout 1900, 3 weeks or so ago, I am unsure of the exact date." At the pretrial Article 32 investigation, she testified that it had occurred about 3 or 4 weeks before Thanksgiving.

The victim's friend provided a pretrial statement where she asserted that the victim's encounter with appellant occurred "[a]bout 1915, a couple of days before EOM Sep payday." At the pretrial investigation, she testified that the incident occurred sometime in October.

3. Defense counsel at trial impliedly asserted an alibi defense in his opening statement. However, he subsequently moved for a not-guilty finding under RCM 917, Manual for Courts–Martial, United States, 1984, on the basis of a fatal variance. The motion was denied by the military judge. In his closing argument defense counsel simply attacked the victim's credibility on the basis of her inability to remember the exact date of the offense.