RYAN, J.
(concurring in the judgment):
I write separately because I disagree that Appellant’s Rule for Courts-Martial (R.C.M.) 917 motion for a finding of not guilty preserved the issue of fatal variance for appeal by placing the “fundamental issue ... squarely before the military judge.” United States v. Marshall, 67 M.J. at 419-20 (C.A.A.F.2009). Appellant’s R.C.M. 917 motion at trial and Appellant’s argument before this Court — that the military judge created a fatal variance — address two separate legal issues. In my view, because Appellant failed to object to the variance when the military judge announced his findings, Appellant forfeited the issue absent plain error. See United States v. Finch, 64 M.J. 118, 121 (C.A.A.F.2006) (stating that if trial defense counsel fails to object to findings by exception and substitution at trial, the issue is waived and may only be reviewed on appeal *422 if the appellate court establishes plain error); see also R.C.M. 905(e) (“Other motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver.”). But because I believe that the military judge’s exception and substitution was error, that the error was plain and obvious, and that Appellant was materially prejudiced by it, I concur in the judgment.
The Court granted the issue, “Whether the military judge’s finding by exceptions and substitutions created a material fatal variance in Charge III and its specification (escape from custody).” Although the same factual circumstances underlie Appellant’s R.C.M. 917 motion and the granted issue, the legal tests and standards of review for the legal issues involved are distinct. When considering whether a military judge should grant a R.C.M. 917 motion, “the test is whether ‘there is any substantial evidence before the court which, together with all justifiable inferences to be drawn therefrom, reasonably tends to establish every essential element of these offenses.’” United States v. Davis, 37 M.J. 152, 153 (C.M.A.1993) (quoting United States v. Tobin, 17 C.M.A. 625, 628-29, 38 C.M.R. 423, 426-27 (1968)). In contrast, as correctly stated by the majority, “to prevail on a fatal variance claim, an appellant must show both that the variance was material and that he was substantially prejudiced thereby.” Marshall, 67 M.J. at 420 (citing United States v. Hunt, 37 M.J. 344, 347 (C.M.A.1993)).
Appellant’s R.C.M. 917 motion for a finding of not guilty raised the issue whether there was substantial evidence to establish every element of the charged offense. The motion undoubtedly put the military judge on notice that the evidence was insufficient to convict Appellant of the escape from custody offense, as that offense had been charged. Although the military judge denied the motion, he subsequently found guilt by exception and substitution, something he is explicitly authorized to do. See R.C.M. 918(a)(1) (listing as one of the permissible general findings to a specification, “guilty with exceptions, ... not guilty of the exceptions, but guilty of the substitutions”). What the military judge was not allowed to do was create a fatal variance by exception and substitution — one that is both material and prejudices the accused. United States v. Teffeau, 58 M.J. 62, 66 (C.A.A.F.2003). Appellant had a duty to object to the findings when they were announced. Finch, 64 M.J. at 121. Having failed to object, I believe that Appellant forfeited the issue absent plain error. Id.
I would, however, hold that Appellant has established that an error was committed, that the error was plain, and that it resulted in material prejudice to his substantial rights. See United States v. Maynard, 66 M.J. 242, 244 (C.A.A.F.2008) (stating the three prongs of this Court’s plain error test). As demonstrated by the majority’s analysis, the first and third prongs of the plain error test have been satisfied. Turning to the second prong, the military judge was already on notice from both Appellant’s R.C.M. 917 motion and defense counsel’s closing argument that there were significant problems with Charge III and its specification. It should have been obvious to the military judge that it was error to change the nature and identity of the offense and thus deny Appellant the opportunity to defend against the charge. See Tejfeau, 58 M.J. at 67 (listing three ways a material variance can prejudice an accused).
I respectfully concur in the judgment.