*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

## UNITED STATES
Appellant

**v.**

## Joshua A. PATTERSON, Staff Sergeant
United States Air Force, Appellee

**No. 25-0073**
Crim. App. No. 40426

Argued April 9, 2025—Decided July 14, 2025

Military Judges: Christina M. Jimenez (pretrial) and
Colin P. Eichenberger (trial)

For Appellant: *Major Kate E. Lee* (argued); *Colonel Matthew D. Talcott*, *Lieutenant Colonel Jenny A. Liabenow*, and *Mary Ellen Payne*, Esq. (on brief).

For Appellee: *Major Frederick J. Johnson* (argued); *Lieutenant Colonel Allen S. Abrams*.

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge HARDY, and Judge JOHNSON joined.

————————

Judge MAGGS delivered the opinion of the Court.

This appeal concerns an allegation that Appellee committed a rape of a child in violation of Article 120b(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b(a)(2) (2012). Specification 1 of Charge II stated:

> STAFF SERGEANT JOSHUA A. PATTERSON . . . did, within the state of South Carolina, *between on or about 1 October 2015 and on or about 30 November 2015*, commit a sexual act upon [C.H.], a child who had attained the age of 12 years but had not attained the age of 16 years, by penetrating the vulva of [C.H.] with his finger, by using force against [C.H.], with an intent to gratify the sexual desire of STAFF SERGEANT JOSHUA A. PATTERSON.

(Emphasis added.) A general court-martial found Appellee guilty of the offense alleged in this specification.[1] On appeal, however, the United States Air Force Court of Criminal Appeals (AFCCA) set aside the finding after concluding that the evidence was factually insufficient. *United States v. Patterson*, No. ACM 40426, 2024 CCA LEXIS 399, at *51-52, 2024 WL 4345506, at *17 (A.F. Ct. Crim. App. Sept. 27, 2024) (unpublished). The AFCCA found that the Government had not proved beyond a reasonable doubt that the incident occurred "between on or about October 1, 2015, and on or about November 1, 2015," as alleged in the specification. *Id.* at *44-45, 2024 WL 4345506, at *15. Instead,

---

[1] The court-martial also found Appellee guilty, contrary to his pleas, of several other offenses not at issue in this appeal: one specification of rape, one specification of aggravated sexual contact, and one specification of abusive sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2006 & 2018); and one specification of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2018). The court-martial found Appellee not guilty of one specification of sexual assault of a child. Appellee was sentenced to a reprimand, reduction to E-1, forfeiture of pay and allowances, seventeen years of confinement, and a dishonorable discharge.

the AFCCA found that the incident likely occurred in June 2015. *Id.*, 2024 WL 4345506, at *15.

Disagreeing with this result, the Judge Advocate General of the Air Force certified the following issue to this Court: "Where time was not an essential element of the offense, did the Air Force Court of Criminal Appeals err by finding factual insufficiency based on a discrepancy between the dates pleaded and the dates proved, when it should have applied a variance analysis and found a non-fatal variance instead?" We answer the certified question in the negative and affirm the decision of the AFCCA.

## I. Background

To prove the allegations in Specification 1 of Charge II, the Government called the named victim, C.H., as a witness. C.H. testified that Appellee, her stepfather, penetrated her vulva with his fingers at their home in South Carolina. C.H. testified that she was uncertain of the exact date of the incident but believed that it occurred in "roughly [the] spring/summer of 2015" when the weather was warm. She also testified that her mother was "probably five [or] six months" pregnant at the time of the offense. In addition, she testified that the incident occurred before the end of September when her brother was born. The Government presented no evidence that the incident occurred between October 1, 2015, and November 30, 2015.

During closing arguments, the Government presented a PowerPoint time line to the panel that included the notation "Spring/Summer 2015: SSgt Patterson rapes [C.H.]." Later, the Government presented a different slide with bolded text stating that the offense occurred "on or about 1 October 2015, and on or about 30 November 2015." The Government acknowledged this discrepancy between the evidence presented at trial and the dates on the charge sheet, but never sought to amend the specification and never asked the military judge to instruct the members of the court-martial about the possibility of making findings with exceptions and substitutions.

On appeal to the AFCCA, Appellee challenged the factual sufficiency of the evidence.[2] *Patterson*, 2024 CCA LEXIS 399, at \*39, 2024 WL 4345506, at \*12-13. In addressing this argument, the AFCCA asserted the following three legal principles. First, the Government had to prove beyond a reasonable doubt that the offense occurred no earlier than "on or about" October 1, 2015, to establish that Appellee was guilty of the specification as charged. *Id.* at \*42-43, 2024 WL 4345506, at \*14 (citing *United States v. Parker*, 59 M.J. 195, 201 (C.A.A.F. 2003)). Second, when a specification alleges that an event occurred "on or about" a particular date, the phrase " 'on or about' connotes a range of days to weeks." *Id.* at \*40, 2024 WL 4345506, at \*13 (citing *United States v. Simmons*, 82 M.J. 134, 139 (C.A.A.F. 2022)). Third, Courts of Criminal Appeals (CCA) cannot except or substitute "language [in] a specification in such a way that creates a broader or different offense than the offense charged at trial." *Id.* at \*45, 2024 WL 4345506, at \*15 (alteration in original) (internal quotation marks omitted) (quoting *United States v. English*, 79 M.J. 116, 121 (C.A.A.F. 2019)).

The AFCCA made a finding of fact, which the court stated as follows:

> Considering [C.H.]'s testimony as a whole, perhaps the best estimate as to when the incident occurred is June 2015. This would be consistent with her estimate of "spring [or] early summer," during warm weather, when her mother [R.P.] was approximately five months pregnant. However, June 2015 would have been at least three

---

[2] The version of Article 66, UCMJ, that is found at 10 U.S.C. § 866 (2018), applied to this case. Although Congress substantially amended Article 66, UCMJ, in the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 542(b), 134 Stat. 3388, 3611 [hereinafter 2021 NDAA], the amendments apply only in cases "in which every finding of guilty . . . is for an offense that occurred on or after" the effective date of the amendment. *Id.* § 542(e)(2), 134 Stat. at 3612-13. The offense at issue, and all other offenses, occurred earlier.

months before 1 October 2015. [C.H.]'s testimony leaves the possibility that the offense occurred in July 2015 or later, closer in time to 1 October 2015. Yet, given the uncertainty of [C.H.]'s testimony regarding the date, it is also possible the offense occurred earlier in the spring, perhaps in April or May 2015.

*Id.* at *44, 2024 WL 4345506, at *15.

Based on the asserted legal principles and this finding of fact, the AFCCA concluded: "As a matter of factual insufficiency, we are not persuaded the Government proved beyond a reasonable doubt [Staff Sergeant Patterson] committed the offense alleged in Specification 1 of Charge II 'between on or about 1 October 2015 and on or about 30 November 2015,' as alleged." *Id.*, 2024 WL 4345506, at *15. Judge Warren concurred in part and in the judgment, asserting that a variance regarding dates should be reversible error only when the accused detrimentally relied on the divergent dates in a way that prejudiced his defense. *Id.* at *52-56, 2024 WL 4345506, at *17-18 (Warren, J., concurring in part and in the judgment).

## II. Standards of Review

We review the AFCCA's opinion under the version of Article 67, UCMJ, found in 10 U.S.C. § 867 (2018).[3] In conducting this review, "it is within this Court's authority to review a lower court's determination of factual insufficiency for application of correct legal principles. At the same time, this authority is limited to matters of law; we may not reassess a lower court's fact-finding." *United States v. Leak*, 61 M.J. 234, 241 (C.A.A.F. 2005). This Court also has authority to conclude that a CCA has abused its discretion if the CCA has "disapprove[d] a finding based on purely equitable factors or because it simply disagrees that

_____

[3] Congress amended Article 67, UCMJ, in the 2021 NDAA, § 542(c), 134 Stat. 3388, 3612 (2021). The amendment, however, applies only in cases "in which every finding of guilty . . . is for an offense that occurred on or after" the effective date of the amendment. *Id.* § 542(e)(2), 134 Stat. at 3612-13. The offense at issue, and all other offenses, occurred earlier.

certain conduct . . . should be criminal." *United States v. Nerad*, 69 M.J. 138, 147 (C.A.A.F. 2010). The remedy for an improperly conducted factual sufficiency review is a remand for a new factual sufficiency review under correct legal principles. *United States v. Thompson*, 83 M.J. 1, 4 (C.A.A.F. 2022).

### III. Analysis

The Government argues that the AFCCA erred in its factual sufficiency review because it treated the charged time frame like a required element that was not proved. The Government contends that the AFCCA should have analyzed the difference between the dates stated in the specification and the date shown at trial as a nonfatal variance. The Government asks this Court to remand the case for a new review under Article 66, UCMJ, applying correct legal principles.

In making its argument, the Government does not contest the AFCCA's finding that the charged incident occurred around June 2015. The Government also does not argue that June 2015 was "on or about" the dates alleged in the specification. And the Government also agrees that the dates in the specification could not be "corrected" by the AFCCA using exceptions and substitutions. Instead, the Government asserts that the AFCCA erred in believing that the Government had to prove that the incident occurred during the dates alleged in the specification.

Issues relating to the dates alleged in a specification have come before this Court in several contexts. For example, this Court has been asked to review whether an attempted amendment to the dates alleged in a specification after the Government rested was an improper "major change" under Rule for Courts-Martial (R.C.M.) 603(d)(2). *Simmons*, 82 M.J. at 136. This Court also has been asked to review whether a court-martial properly found an accused guilty of a specification using "exceptions and substitutions" under R.C.M. 918(a)(1), when those exceptions and substitutions significantly altered the dates stated in a specification. *Parker*, 59 M.J. at 197-201. In addition, this

Court has been asked to review whether, in the absence of either an amendment to the specification or findings by exceptions and substitutions, there was a "variance" between the dates alleged in the specification and the evidence proved at trial that required reversal. *United States v. Hunt*, 37 M.J. 344, 347 (C.M.A. 1993).

The Government likens this case to variance cases such as *Hunt*. In *Hunt*, a specification alleged that the accused committed a rape "on or about October 20." *Id.* at 345. Testimony at trial, however, showed that the rape occurred "in late September or early to middle October." *Id.* at 345-46. The court-martial found the accused guilty, despite the discrepancy between the allegation and proof, and the Court of Military Review affirmed. *Id.* at 344-45. This Court also affirmed the finding of guilty. *Id.* at 348. The Court held that the variance was not material because it concerned only a few weeks of time. *Id.* at 347. And the Court held that even if the variance were material, it was not prejudicial because the accused was not surprised at trial. *Id.* The Government argues that the AFCCA should have used the same variance analysis to affirm the finding of guilt in this case.[4] It asks us to remand the case so that AFCCA may conduct a new review under Article 66, UCMJ.

This case, however, is different from *Hunt* in a key respect. In *Hunt*, the Court of Military Review had *affirmed* a finding of guilty despite a discrepancy between the date alleged and date proved. Here, by contrast, the AFCCA held that the evidence was factually insufficient to prove the allegations in the specification because of the discrepancy between the date alleged and the date proved. This difference raises the question of whether this Court, given its limited authority to review matters of factual

---

[4] Although the Government relies on the variance analysis used in *Hunt*, the Government cites *United States v. Lubasky*, 68 M.J. 260 (C.A.A.F. 2010), as possible contrary authority "suggesting that [the] court only considers [the] question of variance if the factfinder made findings by exceptions and substitutions." Because we conclude that *Hunt* is distinguishable from this case, we need not consider whether *Lubasky* limits *Hunt*.

sufficiency, can disturb that conclusion. The Government cites *United States v. Thompson*, 2 C.M.A. 460, 9 C.M.R. 90 (1953), and other decisions as authority for this Court to take such action when a CCA has misunderstood the elements of an offense. Although the Government does not discuss *Thompson* at length in its brief, the decision is instructive and worth comparing to the present case.

In *Thompson*, a court-martial found an accused guilty of missing movement by neglect in violation of Article 87, UCMJ, 50 U.S.C. § 681 (1952). *Id.* at 461-63, 9 C.M.R. at 91-93. The evidence showed that the accused knew that his ship was departing on July 7 and that he missed the movement because he was absent without leave on that date. *Id.* at 464, 9 C.M.R. at 94. A Navy board of review (a body which conducted reviews under Article 66, UCMJ, before the creation of the CCAs) found the evidence to be factually insufficient. *Id.* at 462, 9 C.M.R. at 92. The board of review concluded that the government had not proved the accused's absence was the proximate cause of his missing the scheduled movement. *Id.*, 9 C.M.R. at 92. The Court reversed, holding that Article 87, UCMJ, generally does not require proof of a causal connection between the missing of the movement and the absence without leave. *Id.* at 464, 9 C.M.R. at 94. The Court then remanded the case for a new review under Article 66, UCMJ. *Id.*, 9 C.M.R. at 94.

The Government cites *Thompson* and similar decisions for the proposition that a remand for a new review under Article 66, UCMJ, is required if a CCA failed to apply correct legal principles. The Government asserts that the AFCCA here incorrectly treated the date of an offense like a required element and failed to apply a variance analysis to the facts. It posits that if the AFCCA were to apply a variance analysis, the AFCCA would have found that the discrepancy between the date alleged and the date proved was immaterial and nonprejudicial and, thus, undeserving of relief. The Government therefore asserts that we must remand this case for a new factual sufficiency review.

*Thompson*, however, is different from the present case in a significant respect. In *Thompson*, the board of review

did not find the evidence to be factually insufficient *to prove the facts alleged in the specification*. Instead, it found the evidence to be factually insufficient because it mistakenly thought that the government had to prove a causal connection between the movement and the absence without leave, even if a causal connection was not alleged in the specification. In this case, in contrast, the specification alleged a date range, and the Government did not prove that the offense occurred within the range. In other words, the AFCCA set aside the finding of guilty to Specification 1 of Charge II because it was not convinced "beyond a reasonable doubt" that the "facts alleged in the specification" were true. *Patterson*, 2024 CCA LEXIS 399, at *44, 2024 WL 4345506, at *15.

Nothing in *Thompson*, or any other decision that the Government has cited, authorizes this Court to remand a case when a CCA has held that the evidence is factually insufficient to prove the factual allegations of a specification. Here, the AFCCA did not hold that the evidence was factually insufficient "based on purely equitable factors or because it simply disagrees that certain conduct . . . should be criminal." *Nerad*, 69 M.J. at 147. Rather, the AFCCA simply found that the Government had not proved the facts alleged. This finding was within the AFCCA's discretion.

In reaching this conclusion, we must emphasize two important points. First, we do not disturb our long-standing precedent that "[a] finding of guilt is *legally sufficient* if any rational factfinder, when viewing the evidence in the light most favorable to the government, could have found *all essential elements* of the offense beyond a reasonable doubt." *United States v. Nicola*, 78 M.J. 223, 226 (C.A.A.F. 2019) (emphasis added). The issue of whether the evidence was legally sufficient to prove Specification 1 of Charge II is not before us. Second, we express no opinion about whether the AFCCA might have affirmed the finding of guilty notwithstanding the discrepancy between the facts alleged and the facts proved using the type of variance analysis applied in *Hunt*. That issue is also not before us. We hold only that we lack authority to review the AFCCA's determination

that the evidence was factually insufficient to prove the facts alleged in the specification at issue.

Although we do not grant relief in this appeal, we note that potential problems concerning dates alleged in a specification often can be addressed and avoided before a case reaches appellate review. As an initial matter, specifications of course should be carefully drafted so that they conform to the anticipated evidence. And if the government's understanding of the evidence changes after a specification has been drafted, the government might seek to change the specification under R.C.M. 603 or withdraw the specification under R.C.M. 604 and then replace it. The government also could ask the military judge to instruct the panel members on findings by exceptions and substitutions as is permitted under R.C.M. 918. But here, the Government declined to take any of these corrective steps despite being aware of the discrepancy between the specification and evidence presented at trial.

## IV. Conclusion

The certified question is answered in the negative. The decision of the United States Air Force Court of Criminal Appeals is affirmed.