**James C. WRIGHT, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 87–2179.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided Aug. 17, 1988.

**310**

Cynthia J. Davis, Little Rock, Ark., for appellant.

Lee Taylor Franke, Little Rock, Ark., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and RE,* Chief Judge, United States Court of International Trade.

WOLLMAN, Circuit Judge.

James C. Wright appeals the district court's [1] denial of his petition for habeas corpus under 28 U.S.C. § 2254 (1987). Wright argues that the district court erred in finding that his claims were either procedurally barred or without merit. We affirm.

---

* The HONORABLE EDWARD D. RE, Chief Judge, United States Court of International Trade, sitting by designation.

1. The Honorable H. David Young, United States Magistrate, for the Eastern District of Arkansas.

On November 3, 1978, while awaiting trial for aggravated robbery in Boone County, Arkansas, Wright escaped from jail. One week later he was charged by information with first-degree escape and was arrested. Wright was tried and convicted for the robbery on January 29, 1979. On October 11, 1979, the State amended the escape information to charge Wright as a habitual offender. On October 25 of that same year, Wright was convicted of first-degree escape, sentenced as a habitual offender to fifteen years' imprisonment, and fined $3,000. The Supreme Court of Arkansas affirmed. *See Wright v. State,* 270 Ark. 78, 603 S.W.2d 408, 410 (1980). In 1985, Wright filed a petition for post-conviction relief under Ark.R.Crim.P. 37 for relief from the robbery conviction, which the Arkansas Supreme Court found was time-barred and therefore denied with prejudice. *See* Ark.R.Crim.P. 37.2(c) (a petition for post-conviction relief ordinarily must be filed within three years from conviction). In 1986, Wright filed a Rule 37 petition for relief from the escape conviction alleging claims identical to those in his 1985 Rule 37 petition. The clerk of the Arkansas Supreme Court returned the second petition as simply duplicative of the first. The State concedes that Wright has exhausted his state remedies.

In support of his petition for habeas corpus, Wright made a number of claims that he did not raise in the Arkansas courts. A federal court may not entertain claims on petition for habeas corpus that were not first raised in the state court unless the petitioner can show both cause and actual prejudice. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Hobbs v. Lockhart,* 791 F.2d 125, 128 (8th Cir.1986). Wright contends that the alleged ineffective assistance given him by both his trial and appellate counsels contitutes cause for the failure to raise his claims in state court. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986).

Ineffective assistance of counsel cannot constitute cause for procedural default unless the ineffective assistance claim itself was presented to the state court. *See Carrier,* 106 S.Ct. at 2646; *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir.1988). The district court found that Wright's "allegation of ineffective representation was never pressed in an Arkansas state court other than in his belated attempt to seek collateral relief. That circumstance is wholly inadequate for us to conclude that the state court passed on the ground." Even if we assume that Wright did present the ineffective assistance claims to the state court, he did not demonstrate that his trial and appellate counsel were constitutionally ineffective under the guidelines set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Carrier,* 106 S.Ct. at 2645–46 (ineffective assistance may excuse a procedural default only if it amounts to constitutional ineffectiveness under *Strickland*).

Wright's allegations of ineffectiveness rest on his trial counsel's meeting with him only twice, trial counsel's decision not to depose or subpoena witnesses Wright wanted deposed or subpoenaed, and appellate counsel's decision not to raise certain claims on appeal. Without more, these allegations are entirely inadequate to make the requisite "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In addition, Wright is unable to establish the prejudice necessary to satisfy the second prong of either the *Strickland* test, *see id.,* or the procedural default test. *See Isaac,* 456 U.S. at 129, 102 S.Ct. at 1572. Wright contends that he was prejudiced because the state court did not fully consider his allegation that he was deprived of due process when he was denied (1) a competency hearing, (2) compulsory process, (3) a speedy trial, and (4) when the state was permitted to amend the information. Because we find these claims without merit, Wright has suffered no prejudice.

▇ The district court found that Wright was in fact examined by a psychiatric expert and did have the benefit of a competency hearing. We cannot find this determination clearly erroneous. The record shows that Wright was examined by one Dr. Edwin C. Jones of the Ozark Regional Mental Health Center in late 1978 and on October 22, 1979. Dr. Jones found Wright capable of appreciating the nature of his conduct and mentally competent, although possibly schizophrenic. Wright argues that he did not have adequate notice to prepare for the competency hearing, and that if he had, he would have called some witnesses rather than simply testifying himself. However, at the time Wright made the motion for a competency hearing, he indicated that he would be the only witness to testify. In addition, of all the doctors who have examined Wright at one time or another, including Dr. Jones, none has found him insane or incompetent. We find that the expert medical assistance that Wright received was clearly constitutionally sufficient. *See Ake v. Oklahoma,* 470 U.S. 68, 83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985); *see also Campbell v. Lockhart,* 789 F.2d 644, 646 (8th Cir.1986).

▇ Wright's allegation that he was denied his sixth amendment right to compulsory process is also without merit because he never demonstrated that any of the witnesses he wished to call were relevant and material, as he is required to do. *See United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). Wright wished to subpoena more than thirty witnesses to testify about his psychiatric condition, including several who were plainly unqualified to do so and many doctors who had not examined Wright for two or more years. As Wright made no showing that any of these witnesses could give testimony that could reasonably affect the judgment of the trier of fact, the compulsory process clause was never triggered. *See Valenzuela–Bernal,* 458 U.S. at 873–74, 102 S.Ct. at 3449–50. Wright did subpoena three doctors, but called only Dr. Jones to testify. Dr. Jones' testimony was unfavorable to Wright.

▇ Wright's next claim is that the eleven and one-half month delay between the information charging him with escape and the trial violated his right to a speedy trial. We disagree. In the interim between the charge and the trial, Wright was tried and convicted for aggravated robbery, and the Arkansas trial judge chose not to try Wright on the escape charge with the same jury. When a new jury was impanelled in October of 1979, Wright was tried shortly thereafter. We find this ample justification for the delay. *See United States v. Loud Hawk,* 474 U.S. 302, 316, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986); *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Wallace v. Lockhart,* 701 F.2d 719, 729 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). In addition, the delay caused Wright little prejudice, if any, particularly as he was already incarcerated on the aggravated robbery conviction. The only prejudice Wright asserts with respect to his speedy trial claim is that the delay caused the trial judge to look unfavorably on his desired use of compulsory process. As we have already discussed, however, Wright was not denied his constitutional right to compulsory process.

▇ Finally, Wright argues that he was denied due process when the state court refused to quash the information on the ground that it was amended only two weeks before trial. Amendments to an information are permissible so long as the amendment does not alter the degree of the charged crime or unfairly surprise the defendant. *See Lincoln v. State,* 287 Ark. 16, 696 S.W.2d 316, 316 (1985); *see also United States v. Becton,* 751 F.2d 250, 256 (8th Cir.1984) (due process is satisfied if the defendant has actual notice of the charges against him), *cert. denied* 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985). Wright had actual notice of the charge against him, as well as his prior convictions, and he gives no specific indication of how the amendment prejudiced him unfairly. Although Wright now contends that he was incompetent at the time of one of his prior convictions, he admitted at a pretrial

hearing in the state court that he had been declared sane before that conviction. *See Wright v. State*, 267 Ark. 264, 590 S.W.2d 15, 18 (1979) (affirming Wright's aggravated robbery conviction).

We find Wright's claims are without merit and that he suffered no unfair prejudice in the state court proceedings.

Affirmed.