UNITED STATES, Appellee

v.

**Frank C. MORENO, Technical Sergeant U.S. Air Force, Appellant.**

No. 96-0662.
Crim.App. No. 31363.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 5, 1997.

Decided June 24, 1997.

For Appellant: *Captain W. Craig Mullen* (argued); *Colonel David W. Madsen* (on brief); *Colonel Jay L. Cohen, Lieutenant Colonel Joseph L. Heimann,* and *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Captain Steven D. Dubriske* (argued); *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Major LeEllen Coacher* (on brief); *Colonel Jeffery T. Infelise* and *Major E. David Hoard* (USAFR).

Tried at Nellis Air Force Base, Nevada.

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial, which included enlisted members, of conspiracy to sell stolen property which traveled in interstate commerce; larceny; and wrongful transportation of stolen property in interstate commerce, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 934, respectively. The convening authority approved the sentence of a bad-conduct discharge, 1 year's confinement, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE CONCLUDED THAT THE MODIFICATION OF SPECIFICATION 2 OF CHARGE III ON THE DAY BEFORE THE TRIAL WAS A MINOR CHANGE.

We hold that appellant was not prejudiced by the modification of specification 2 of Charge III.

### FACTS

Appellant was originally charged with two specifications of conspiracy with his half brother, Robert Perez. Specification 1,

Charge III, as preferred, investigated, and referred, alleged that appellant

conspire[d] with Robert C. Perez to commit an offense under the Uniform Code of Military Justice, to wit: larceny of various pharmaceutical drugs, military property of a value of about $8,619, the property of the United States Air Force, a violation of Article 121, UCMJ, and in order to effect the object of the conspiracy ... [appellant] did wrongfully remove various pharmaceutical drugs from the Nellis Air Force Base Hospital pharmacy.

Specification 2 originally alleged in part that appellant

conspire[d] with Robert C. Perez to commit an offense under the Uniform Code of Military Justice, to wit: sale of goods or merchandise of a value of $5,000.00 or more, to wit: various pharmaceutical drugs, which have crossed a state boundary after being stolen, then knowing the same to have been stolen, a violation of 18 USC Section 2315, and in order to effect the object of said conspiracy, ... [appellant] did *remove various pharmaceutical drugs from the Nellis Air Force Base Hospital Pharmacy.*

(Emphasis added.) The day before trial, specification 2 was modified by removing the emphasized language set out above and substituting the emphasized language set out below to allege in part that appellant

conspire[d] with Robert C. Perez to commit an offense under the Uniform Code of Military Justice, to wit: sale of goods or merchandise of a value of $5,000.00 or more, to wit: various pharmaceutical drugs, which have crossed a state boundary after being stolen, then knowing the same to have been stolen, a violation of 18 USC Section 2315, and in order to effect the object of said conspiracy, ... [appellant] did *ship said pharmaceutical drugs to Robert C. Perez.*

(Emphasis added.)

The defense moved at trial to dismiss amended specification 2 on two grounds: first, that specification 2 was multiplicious with specification 1; and second, that the amendment was a major change to the speci-fication. Trial counsel declined the option to combine the two specifications, but chose to dismiss specification 1. The judge then dismissed specification 1. He also denied the defense motion to dismiss specification 2, rejecting the claim that a major change had been made to the specification. The defense did not ask for a continuance to reinvestigate based on the change.

In this case, there was an ongoing conspiracy from mid-December 1993 through January 1994 between appellant and Mr. Perez for Mr. Perez to sell various drugs in Texas. Appellant was the noncommissioned officer in charge of the pharmacy at Nellis Air Force Base, Nevada. This arrangement had been made after appellant had removed these drugs from the pharmacy at Nellis. Mr. Perez testified that appellant shipped drugs to him in mid-December 1993. He was not familiar with these drugs, so appellant sent him a list of the drugs and prices with this shipment.

Mr. Perez was so successful in selling these drugs that one of the buyers wanted to buy more drugs. Based on this request, Mr. Perez called appellant. Perez told appellant of the drugs the purchaser was requesting. Appellant indicated he would attempt to obtain the medication.

The defense's objection to this as being subsequent uncharged misconduct was considered at a session under Article 39(a), UCMJ, 10 USC § 839(a). There was a conversation between the participants which centered on reasons for the earlier dismissal of specification 1 as being multiplicious. The defense argued that there were two conspiracies: One for the first shipment and the second for the shipment Mr. Perez tried to arrange, which the defense argued constituted a separate conspiracy.

The judge asked defense counsel whether this could have been alleged as a separate-conspiracy specification which would not be multiplicious with the Charge and specification as amended. The defense responded that possibly the Government could have alleged a new conspiracy, but in fact it did not. The judge denied the defense request to exclude evidence of the conversations con-

cerning the second shipment because he ruled it was relevant to the ongoing conspiracy alleged in specification 2.

## DISCUSSION

The Court of Criminal Appeals, relying on this Court's decision in *United States v. Collier*, 14 MJ 377 (1983), implicitly held that the military judge correctly determined appellant was not entitled to any relief. In *Collier*, the Court noted that proof of an act other than that alleged in the specification did not constitute a fatal variance requiring an appellate court to set aside the finding of guilty. Judge Fletcher pointed out that an overt act "does not comprise the offense" but is merely proof "that the conspiracy [*i.e.*, the agreement] is alive and in motion." *Id.* at 380.

However, as Judge Fletcher's opinion notes, such a change may "justif[y] a request for a continuance because of surprise." *Id.*, quoting *United States v. Negro*, 164 F.2d 168, 173 (2d Cir.1947). The "real" problem with modifying the specification herein is notice. In effect, appellant is arguing that he has been tried on an unsworn charge. While the Government might well prevail on appeal if the members had found appellant guilty of the act alleged in the modified specification by exceptions and substitutions, the question is whether the Government should have been allowed to proceed with the modified change at the time of trial.

The Government, both at trial and on appeal, has concentrated its argument on the variance theory. It argues that there is little difference between removing drugs from the pharmacy and shipping those drugs. Answer to Final Brief at 5. However, this appears to beg the question and does not address the issue of notice at trial. Appellant could well have shipped the drugs to Perez without being the individual who removed them. Thus, appellant's ability to meet the charge at trial is what is at issue here, not whether the variance is so minor as to fall within *Collier*.

The Government argues that this simply is a change in the overt act; thus, it is not a major change because it does not go into the question of the minds of the conspirators. *Id.* at 3–4. In effect, had the charge remained as alleged, there still would have been an overt act, so it is difficult to find prejudice in the case.

The defense argues that the amendment "converts a specification which did not allege an offense into one which does...." Final Brief at 3. They "concede that if the specification as alleged constituted an offense the change would not be material." *Id.* at 4. The defense contends that the modification was made to conform with the proof in the case. They assert the prosecution learned that Robert Perez would testify that the drugs were already taken from the pharmacy when he received a call about the receipt of the drugs. *Id.* at 3–4.

To the contrary, the Government contends that the defense "fails to distinguish between failing to state an offense and being unable to prove an element of a properly alleged offense." Answer at 2.

The Manual recognizes that pretrial preparation or the evidence at trial may require an amendment of the specifications. Minor changes to the Charge and specifications may be made by a prosecutor at any time before arraignment. RCM 603(b), Manual for Courts–Martial, United States (1995 ed.). However, such minor changes do not include adding "offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." RCM 603(a). The parallel federal provision is Fed.R.Crim.P. 7(e).

Changes may also be made at any time before findings if they do not impact on the "substantial right[s] of the accused." RCM 603(c). The comparable element of prejudice to the "substantial rights of the defendant" in the Federal Rule is usually interpreted as requiring some showing of surprise which will interfere with the defendant's presentation at trial. *United States v. Sullivan*, 42 MJ 360, 365 (1995). "Since such prejudice may be avoided before trial by granting an appropriate continuance, an amendment made before trial is unlikely to be held to have injured the substantial rights of the

defendant where a continuance was granted or none was requested." W. LaFave and J. Israel, 2 *Criminal Procedure* § 19.2(g) at 462 (1984).

When there is a major change, the defense may move to dismiss the specification because it might "substantially misle[a]d the accused." RCM 907(b)(3)(A); *see also United States v. Lee,* 1 MJ 15 (CMA 1975); *United States v. Hopf,* 1 USCMA 584, 586, 5 CMR 12, 14 (1952). Even when there are minor modifications, the defense may move for appropriate relief. *See* RCM 906(b)(4).

Conspiracy requires, first, an agreement between the accused and another person and second, an overt "act to effect the object of the conspiracy." Art. 81(b); para. 5b, Part IV, Manual, *supra.* Even though a specification alleges a specific overt act, any overt act done by the accused or any of the co-conspirators will satisfy the second element of Article 81, provided the act is substantially similar to the act alleged. *Collier,* 14 MJ at 380; para. 5(b)(2), Part IV.

When the basic facts remain unchanged, other overt acts may be substituted or amended. We reject the defense argument that the amendment "converts a specification which did not allege an offense into one which does." Final Brief at 3. The offense as originally drafted stated an offense. The prosecution's problem was not a pleading issue but conforming the specification to the proof. In this instance, there were stolen pharmaceutical drugs. There was an agreement to ship them from Nevada to Texas to sell the drugs and split the proceeds. Thus, the amendment could have been made to the specification to show that the overt act was the shipment, the selling of the drugs in Texas, ordering new drugs, or arranging for another shipment. None of these potential amendments would change the basic agreement between appellant and Perez. The defense did not request a continuance at any time, because it was clear that it did not want a continuance, fearing an additional specification could be added.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

I would hold that a "major change" occurred in this case within the meaning of RCM 603, Manual for Courts–Martial, United States, 1984. The original specification alleged a single overt act occurring before the conspiracy between appellant and Mr. Perez was formed. *See United States v. Easom,* 569 F.2d 457, 459 (8th Cir.1978); *Harms v. United States,* 272 F.2d 478, 482 (4th Cir.1959); *Dahly v. United States,* 50 F.2d 37, 42 (8th Cir.1931)("it must be established that the conspiracy ... was existing at the time of the commission of the overt act or acts"); *see also United States v. Johnson,* 25 MJ 878, 883–84 (NMCMR 1988). It was later amended to delete that overt act and add another act which occurred after the conspiracy between appellant and Mr. Perez was formed. In terms of the legal sufficiency of the prosecution's case as alleged, this was a major change. *See United States v. Smythe,* 37 MJ 804, 807 (CGCMR 1993); *United States v. Garrett,* 17 MJ 907, 909 (AFCMR 1984); *United States v. Louder,* 7 MJ 548, 551 (AFCMR 1979). Nevertheless, I see no prejudice in this case and would affirm. *United States v. Sullivan,* 42 MJ 360, 365 (1995).

Fed.R.Crim.P. 7(e) simply states:

(e) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

RCM 603 is different in the language it uses to address the problem of amending military specifications. It states:

Rule 603. Changes to charges and specifications

(a) *Minor changes defined. Minor changes* in charges and specifications *are any except those which add* a party, offenses, or *substantial matter not fairly included in those previously preferred,* or

**220**

which are likely to mislead the accused as to the offenses charged.

(b) *Minor changes before arraignment.* Any person forwarding, acting upon, or prosecuting charges on behalf of the United States except an investigating officer appointed under RCM 405 may make minor changes to charges or specifications before arraignment.

(c) *Minor changes after arraignment.* After arraignment the military judge may, upon motion, permit minor changes in the charges and specifications at any time before findings are announced if no substantial right of the accused is prejudiced.

(d) *Major changes.* Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew.

(Emphasis added; Discussion omitted.)

Fed.R.Crim.P. 7(e) does not have the same language. Thus, the mere fact that the same offense, conspiracy to sell stolen goods, was alleged in the original and the amended specification is not dispositive of the RCM 603 question. In my view, the replacement of a legally insufficient overt act adds to the specification "substantial matter not fairly included" in the previously preferred charge. *See* RCM 603(a). However, even if the change

made in this case was major and it was error to do so over defense objection, this error must be tested for prejudice under Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a).

Appellant was not prejudiced by this amendment to the originally charged specification. Art. 59(a). In *Sullivan,* 42 MJ at 365, this Court defined prejudice in this context as causing "unfair surprise" or absence of notice which hinders preparation of the defense. It was, however, well-established at the time of appellant's court-martial that he must be prepared to defend against overt acts other than those alleged in the specification. *See United States v. Collier,* 14 MJ 377 (CMA 1983). Moreover, the prosecution's proof of the amended overt act was drawn from the same witness testifying about the same telephone conversation concerning the same illegal plan to sell the stolen drugs. *See United States v. Adamo,* 534 F.2d 31, 39 (3d Cir.1976)(difference in facts slight). Finally, although appellant objected to the amendment of the specification, he did not request a continuance to further prepare his defense and his cross-examination of the Government's central witness was not precluded or rendered ineffective by this change. *Id.* In these circumstances, I find no unfair surprise.