UNITED STATES, Appellee,

v.

James A. SMITH, Senior Airman,
U.S. Air Force, Appellant.

No. 97–1124.
Crim.App. No. 32374.

U.S. Court of Appeals for
the Armed Forces.

Submitted March 11, 1998.

Decided Sept. 29, 1998.

For Appellant: *Colonel Douglas H. Kohrt* and *Major Carol L. Hubbard.*

For Appellee: *Lieutenant Colonel Michael J. Breslin.*

PER CURIAM:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of larceny of military property of the United States (2 specifications) and submitting a false and fraudulent claim for temporary duty expenses, in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 USC §§ 921 and 932, respectively. Appellant pleaded guilty to submitting a false and fraudulent claim for dependent travel expenses and violating a lawful general regulation, in violation of Articles 132 and 92, UCMJ, 10 USC §§ 932 and 892, respectively. The adjudged and approved sentence provides for a bad-conduct discharge and reduc-

tion to the lowest enlisted grade. In a divided opinion, the Court of Criminal Appeals affirmed the findings and sentence. Our Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING A DEFENSE MOTION TO REQUIRE A PREFERRAL OF CHARGES AFTER A MAJOR CHANGE TO SPECIFICATIONS 1–4 OF CHARGE I.[1]

When the charges were preferred, specifications 1 through 4 of Charge I alleged that appellant stole "property of the United States Air Force." Based on the Article 32[2] Investigating Officer's recommendation, the specifications were amended before trial by adding an allegation that the property was "military property," but the charge and specifications were not preferred or investigated anew. The effect of the amendment was to increase the maximum confinement for specifications 1, 3, and 4 from 5 years to 10 years and for specification 2 from 6 months to 1 year. See para. 46e(1), Part IV, Manual for Courts–Martial, United States (1994 ed.), which was in effect at the time of appellant's offenses.

■■ At trial, appellant made a timely motion to dismiss the four specifications of larceny on the ground that the amendment adding the words "military property" was a major change, requiring that the amended specifications be preferred anew. The military judge denied the motion. He correctly noted that the amendment did not add an offense or mislead the accused. He correctly focused on the issue whether the allegation that the property was "military property" added a "substantial matter." The military judge also correctly noted that the allegation of "military property" did not add an element of an offense but instead added a sentence escalator. Relying on this Court's opinion in United States v. Sullivan, 42 MJ 360 (1995),

and the Eighth Circuit opinion in Wright v. Lockhart, 854 F.2d 309 (8th Cir.1988), the military judge ruled that adding the sentence escalator was not a "substantial matter." We hold that the military judge's interpretation of "substantial matter" was erroneous.

RCM 603(c), Manual, supra, permits "minor" amendments of charges and specifications "at any time before findings are announced if no substantial right of the accused is prejudiced." RCM 603(a) defines minor changes as "any except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." RCM 603(d) provides that major changes "may not be made over the objection of the accused unless the charge or specification affected is preferred anew."

This Court's opinion in United States v. Sullivan, supra, is relevant but not controlling. In Sullivan, the amendment changed the offense to a lesser-included offense with a lesser punishment. Under those circumstances, we held that the amendment was minor.

Wright v. Lockhart, supra, was decided on the basis of Fed.R.Crim.P. 7(e). RCM 603(c) is based on Fed.R.Crim.P. 7(e). Sullivan, 42 MJ at 364–65, citing Drafters' Analysis of RCM 603, Manual, supra at A21–30. Nevertheless, there are some significant differences between RCM 603 and Fed.R.Crim.P. 7(e). Fed.R.Crim.P. 7(e) permits amendment "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." RCM 603(a) is broader, treating changes as major if they "add a party, offenses, or substantial matter not fairly included in those previously preferred." Fed.R.Crim.P. 7(e) makes no reference to "substantial matter."

---

1. We also granted review of an issue whether the application of Articles 57(a) and 58b, UCMJ, to appellant's case violates the Ex Post Facto Clause of the United States Constitution. Because one of appellant's offenses was committed after April 1, 1996, and is punishable by a dishonorable discharge, total forfeitures, confinement for 5 years, and reduction to the lowest enlisted grade, the Ex Post Facto Clause was not violated. See United States v. Carter, No. 97–1121, — MJ — (Daily Journal Aug. 20, 1998).

2. Uniform Code of Military Justice, 10 USC § 832.

We hold that adding the sentence escalator that doubled the punishment was a "substantial matter" within the meaning of RCM 603(a). *See United States v. Krutsinger,* 15 USCMA 235, 35 CMR 207 (1965) (amendment aggravating the seriousness of the offense and subjecting accused to greater punishment was improper). Thus, we hold that the Air Force court erred when it held that the amendment was "minor."

We are satisfied, however, that appellant was not prejudiced. He was not surprised by the amendment or hindered in his preparation for trial. Appellant received no confinement, negating any possibility that the increased maximum sentence caused him to receive a sentence to a longer term of confinement than would have been imposed absent the error. Appellant was sentenced to a bad-conduct discharge, even though a dishonorable discharge was authorized. In light of the seriousness of the offenses of which he was convicted, we believe that there is no reasonable likelihood that appellant would not have been sentenced to a punitive discharge, even if the stolen property had not been described as "military property." Thus, we can say, "with fair assurance, ... that the judgment was not substantially swayed by the error." *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judge EFFRON did not participate. *See* 48 MJ 317 (1997).

SULLIVAN, Judge (concurring in part and dissenting in part):

I disagree with the majority only on the resolution of the *Gorski* issue. I would remand this case to the Court of Criminal Appeals in accordance with my separate opinions in *United States v. Gorski,* 47 MJ 370, 376–77 (1997) (Sullivan, J., concurring in part and in the result), and *United States v. Roseboro,* No. 98–0439, — MJ —— (Daily Journal July 27, 1998).

CRAWFORD, Judge (dissenting in part & concurring in the result):

The majority overlooks how offenses involving "military property" are pled; ignores the referral order of the convening authority; penalizes the bench and bar for following our precedent; jettisons prior precedent as to parallels between the military and Federal Rules of Criminal Procedure; and overlooks the changes to Article 32(d), UCMJ, 10 USC § 32(d).

*Overlooks pleadings.* A sample specification as amended in this case is as follows:

In that Senior Airman James A. Smith, United States Air Force, 100th Comptroller Squadron, RAF Mildenhall, United Kingdom, did, at RAF Mildenhall, United Kingdom, between on or about 30 August 1995 and on or about 27 September 1995, steal money, *military property,* of a value of about $1,305.42, *the property of the United States Air Force.*

The property in this case was alleged to be "property of the United States Air Force." "Basically, all property owned or held by the United States Air Force is military property of the United States in its broad sense." *United States v. Blevins,* 34 CMR 967, 974 (AFBR 1964). There was adequate notice in this case that it was military property owned by the "United States Air Force." The sample specification is just that, a sample, and is not binding.

*Referral orders.* The allegation of ownership by the United States Air Force should be sufficient by itself. But in addition to that, there clearly was an administrative error in not amending the specifications because the specifications were ordered amended by the convening authority, to include the words "military property." In any event, the judge sought to follow the precedent of this Court.

*Instructions for the bench and bar.* In *United States v. Sullivan,* 42 MJ 360, 365 (1995), this Court noted:

In deciding whether amending an information is permissible, federal Courts of Appeals use a two-pronged test based upon a literal reading of the rule. They say that an amendment is permissible "if

no additional or different offense is charged [first prong] and if substantial rights of the defendant are not prejudiced [second prong]. . . ."

The first prong usually is satisfied if the charge is altered to allege a lesser-included offense. *See, e.g., Canal Zone v. Burjan,* 596 F.2d [690] at 693 [(5th Cir.1979)]. The Third Circuit has stated that the first prong may be met even if the new offense has some additional elements, where the language of the information contains all the elements of the new offense. *Virgin Islands v. Bedford,* 671 F.2d [758] at 765 [(3d Cir.1982)]. The Eighth Circuit has permitted a sentence-enhancing element to be added. *Wright v. Lockhart,* 854 F.2d at 311, 312 (status as habitual criminal added to information).

The second prong is satisfied if the amendment does not cause unfair surprise. The evil to be avoided is denying the defendant notice of the charge against him, thereby hindering his defense preparation.

Replying on this, the judge stated:

Here, the court finds that as cited in the *Sullivan* case and as trial counsel points out in trial counsel's brief, this is not dissimilar to the *Wright v. Lockhart,* Eighth Circuit Court of Appeals case, where a sentence-enhancing element was allowed to be added to information without violating the first prong. Therefore, since there is no misleading of the defense and for the other reasons cited, the court does not find this to be a substantial matter. The court does acknowledge it increases the possible sentence to the accused but nonetheless, it is not a substantial matter that is being changed in the specifications themselves. As a result, the defense motion for appropriate relief with regard to Specifications 1, 2, 3, and 4 of Charge I is also denied.

*Prior Precedent.* We should not jettison our recent precedent as to the parallels between the military and Federal rules. In both *Sullivan* and *United States v. Moreno,* 46 MJ 216 (1997), we noted the parallel between RCM 603(a) and Fed.R.Crim.P. 7(e). We said:

Changes may also be made at any time before findings if they do not impact on the "substantial right[s] of the accused." RCM 603(c). The comparable element of prejudice to the "substantial rights of the defendant" in the Federal Rule is usually interpreted as requiring some showing of surprise which will interfere with the defendant's presentation at trial. *United States v. Sullivan,* 42 MJ 360, 365 (1995). "Since such prejudice may be avoided before trial by granting an appropriate continuance, an amendment made before trial is unlikely to be held to have injured the substantial rights of the defendant where a continuance was granted or none was requested." W. LaFave and J. Israel, 2 *Criminal Procedure* § 19.2(g) at 462 (1984).

*Moreno,* 46 MJ at 218–19.

*Change to Article 32(d).* Assuming the judge granted the motion, would a new Article 32 investigation be needed? New pretrial advice? New referral? The answer to all three questions is no. The 1996 change to the Code provides that, as long as the offense is investigated, that is sufficient. Art. 32(d), UCMJ, 10 USC § 832(d). Additionally, the pretrial advice covered the change to the specification recommended by the Article 32 officer. Lastly, the referral was of the amended charge.

I do not believe that the added language constitutes "substantial matter," and for that very reason, I concur in the result.