# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 COLBY R. ADAMS**
**United States Army, Appellant**

ARMY 20111009

Headquarters, I Corps (Rear) (Provisional)
Kwasi Hawks, Military Judge (arraignment)
Gary Saladino, Military Judge (trial)
Colonel Kurt A. Didier, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain J. Fred Ingram, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).

5 February 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LIND, Senior Judge:

An officer panel sitting as a special court-martial convicted appellant, contrary to his pleas, of one specification of conspiracy to commit larceny of property of a value in excess of $500 and one specification of larceny of property of a value in excess of $500 in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 921 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge and confinement for one month. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant raises six assignments of error, two of which merit discussion but no relief.

## FACTS AND PROCEDURAL BACKGROUND

Appellant and another soldier conspired to steal and ultimately stole two band saws from a containerized storage unit (CSU) located in their unit motor pool. Appellant was charged with both larceny and conspiracy to commit larceny of "government property of a value in excess of $500, the property of the United States Army" during the period "between on or about 17 March 2009 and on or about 3 August 2010."

At trial, appellant's co-conspirator, PV1 JO, testified on direct and cross-examination that both the conspiracy and the larceny took place in September or October 2010, outside the charged period. Appellant's defense counsel refreshed PVT JO's recollection regarding these dates with a statement PVT JO made on 11 February 2011 to military police investigators stating that he and appellant removed the two band saws from the CSU in October 2010.

After the close of evidence, the military judge proposed to give a variance instruction to the members regarding the timeframe for both offenses. Appellant objected and moved for a finding of not guilty for both charges and their specifications pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 917 on the grounds that the government failed to present any evidence that either the conspiracy to commit larceny or the larceny occurred during the charged time period. The military judge denied the R.C.M. 917 motion, overruled the objection to the variance instruction, and issued the timeframe variance instruction to the members.[1]

The military judge also instructed the members, and the trial counsel argued, on the sentence escalator of "military property." Appellant did not object to either the military judge's instruction or the trial counsel's argument. The members found appellant guilty of both offenses by exceptions and substitutions, excepting the words and figures "17 March 2009 and on or about 3 August 2010" and substituting the words "17 March 2009 and on or about October 2010."

---

[1] The military judge issued a tailored instruction on variance by exceptions and substitutions from Dep't of the Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 7-15 n.2 (1 Jan. 2010), and the findings worksheet was modified to provide the members a variance option.

## LAW AND ANALYSIS

### *Variance*

A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by appellant, but the proof does not conform strictly with the offense alleged in the charge. *United States v. Allen,* 50 M.J. 84, 86 (C.A.A.F. 1999). To prove a fatal variance, appellant must show both that the variance was material and that he was substantially prejudiced by the variance. *Id.* A material variance is one that substantially changes the nature of the offense; increases the seriousness of the offense; or increases the punishment for the offense. *United States v. Marshall,* 67 M.J. 418, 420 (C.A.A.F. 2009). A variance is prejudicial when it either: puts appellant at risk of another prosecution for the same conduct; misleads appellant to the extent he is unable to prepare for trial; or denies appellant the opportunity to defend against the charge. *Id.* As a general rule, minor variances, such as the location or the date an offense was allegedly committed, do not necessarily change the nature of the offense. *United States v. Teffeau,* 58 M.J. 62, 66 (C.A.A.F. 2003). Further, the words "on or about" in relation to the dates alleged in the offense generally connote any time within a few weeks of the "on or about" date. *United States v. Brown,* 34 M.J. 105, 110 (C.M.A. 1992). On the other hand, in certain circumstances where the major focus of the litigation centers on the time, place, and nature of the interactions between appellant and others, a variance as to date can result in a material and prejudicial fatal variance. *See United States v. Parker,* 59 M.J. 195 (C.A.A.F. 2003).

In this case, the offenses allege a broad date range of almost seventeen months (17 March 2009 to 3 August 2010). Both offenses also include the "on or about" language preceding the start and end dates alleged. Private JO provided the evidence at trial that established the date both offenses occurred. His testimony that the offenses occurred in September or October 2010 created a variance of up to twelve weeks, and the members so found by exceptions and substitutions.

Although the charged date range is broad, appellant has not demonstrated that the variance found by the members was material or prejudicial. We agree with the military judge that the variance was not material. The military judge properly overruled appellant's variance objection, stating "the accused was on notice as to the appropriate . . . nature of the offense" and the variance did not "go to an essential element of the offense regarding the severity of the offense." The essence of the offenses remains the same: conspiracy to commit larceny and larceny of government property of a value in excess of $500 identified at trial as two band saws stolen from the 14th Engineer Battalion Motor Pool. The date variance did not increase the seriousness of or the punishment for either offense.

We also find the date variance was not prejudicial. The variance did not put appellant at risk of another prosecution for the same conduct. Further, the date variance did not impede appellant's ability to prepare for trial or defend against the charges. The record establishes appellant was on notice in advance of trial that the evidence against him tended to prove he committed the conspiracy and larceny alleged in September or October 2010 rather than the charged time period, and the charged dates were "on or about." Also, a prong of appellant's defense strategy was predicated on demonstrating that, although there may be proof appellant committed those crimes in September or October 2010, the government failed to prove he committed any offense from March 2009 to August 2010. The date variance in this case was not a fatal variance.

*"Military Property" Instruction*

Appellant alleges, and the government concedes, that the trial counsel improperly argued and the military judge improperly instructed the panel on "military property" when the accused was charged with conspiracy to commit larceny and larceny of "government property. . . the property of the United States Army." We agree with the parties in light of *United States v. Smith*, 49 M.J. 269 (C.A.A.F. 1998).[2]

Where the government charges larceny of property of a value in excess of $500, the terms "government property . . . property of the United States Army" and "military property" are not interchangeable. *See id*. An allegation of "military property," while not adding an element to the offense, adds a sentence escalator that was not pled in the charge and specification in this case. *See id*. at 270.

Finding error, we test for prejudice and find none. UCMJ art. 59. We are satisfied beyond a reasonable doubt that the judge's instruction and the trial counsel's improper argument on "military property" did not contribute to the guilty findings of the charged offenses of conspiracy to commit larceny and larceny of government property of a value in excess of $500. *See Neder v. United States,* 527 U.S. 1 (1999). The military judge properly instructed the members on all of the elements of the charged offenses, to include that the property "belonged to the United States" and was "government property." Absent evidence to the contrary, this court may presume the members followed the military judge's instructions and found appellant guilty of all of the instructed-upon elements. *See United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000). The evidence is sufficient to support conviction for conspiracy and larceny of "government property."

---

[2] This principle also applies to appellant's conviction for conspiracy to commit larceny of property of a value in excess of $500.

With regard to any possible allegation of prejudice during sentencing, we also find appellant was not prejudiced by the error. *See Smith*, 49 M.J. at 271. There is no dramatic change in the penalty landscape or significant decrease in sentencing exposure because appellant's maximum punishment was capped at the jurisdictional limit of a special court-martial: a bad-conduct discharge, confinement for one year, forfeiture of two-thirds pay per month for twelve months, and reduction to the grade of E-1. UCMJ art. 19; R.C.M. 201(f)(2)(B); R.C.M. 1003(b)(4). Appellant's conviction for both the larceny of property of a value greater than $500 and the conspiracy to commit the larceny of property of a value greater than $500 would have exposed appellant to a dishonorable discharge, maximum confinement of ten years, and total forfeitures of all pay and allowances had the case been referred to a general court-martial. *See Manual for Courts-Martial* (2008 ed.), pt. IV, ¶¶ 5.e, 46.e(1)(d). During sentencing, the government did not argue for the panel to return an aggravated sentence because the property was "military property." The gravamen of the offenses remain the same, and evidence that the stolen band saws were used or owned by the military was proper evidence in aggravation under R.C.M. 1001(b)(4). The sentencing instructions by the military judge made no reference to penalty escalation because the stolen property was "military property." Finally, this court reviews the records of a substantial number of courts-martial involving larcenies and we have extensive experience with the level of sentences imposed for such offenses.

After consideration of the entire record, including the errors noted, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the panel would have adjudged the same sentence absent the errors noted. We also conclude, pursuant to Article 66, UCMJ, that such a sentence is appropriate for the findings of guilt.

### CONCLUSION

The findings of guilty[3] and the sentence are AFFIRMED.

Judge KRAUSS and Judge BORGERDING concur.

---

[3] As reflected on Special Court-Martial Order Number 18, Headquarters, I Corps (Rear) (Provisional), Joint Base Lewis-McChord, Washington, dated 12 July 2012: larceny of government property of a value in excess of $500 and conspiracy to commit larceny of government property of a value in excess of $500.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court