UNITED STATES, Appellant
v.
MELVIN WILLIAM SIMPSON, Seaman Apprentice,
U. S. Navy, Appellee
2 USCMA 493, 9 CMR 123

No. 1938

Decided May 8, 1953

CDR Earle C. Gordon, USN, for Appellant.
CDR Francis X. Driscoll, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried by special court-martial upon three charges involving violations of Articles 86, 92, and 91, Uniform Code of Military Justice, 50 U.S.C. §§ 680, 686, and 685. Three specifications under Charge I alleged absences without leave; the specification under Charge II alleged failure to obey a lawful order; and, the two specifications under Charge III alleged striking and behaving disrespectfully towards a superior noncommissioned officer. He entered pleas of not guilty to Charge III and the specifications thereunder, but pleaded guilty to all other charges and specifications. The court-martial found him guilty of all charges and specifications and sentenced him to a bad-conduct discharge, forfeiture of $50.00 per month for five months, and confinement at hard labor for four months. The convening authority reduced the forfeitures to $50.00 per month for four months and approved the findings and the sentence as reduced. The board of review in the office of The ▆▆▆▆▆▆ ■ Judge Advocate General, United States Navy, held that the specification under Charge II, alleging failure to obey a lawful order, did not state an offense. Accordingly, the sentence was further reduced to a bad conduct discharge, forfeiture of $50.00 per month for two months and confinement at hard labor for two months. The Judge Advocate General has certified the case to this Court, requesting that we determine whether the specification is sufficient to allege an offense.

The specification with which we are concerned is as follows:

"In that Melvin W. Simpson . . . having knowledge of a lawful order issued by the Commanding Officer of said station on 28 April 1952 . . . in part as follows: 'Liberty Uniform . . . white jumper is mandatory,' an order which it was his duty to obey, did, while at or near Tamuning, Guam, Marianas Islands, on or about 10 August 1952, fail to obey the same, to wit: not wearing white jumper."

It was the conclusion of the board of review that the failure of the specification to include an allegation that the accused was on liberty at the time the order was violated constituted a fatal defect.

Article 92(2), Uniform Code of Military Justice, supra, under which Charge II and the specification were laid, provides as follows:

"Any person subject to this Code who . . . having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the same . . . shall be punished as a court-martial may direct."

The specification in the instant case follows closely the language of the punitive Article of the Code and also conforms to the form specification set out in Appendix 6c, Manual for Courts-Martial, United States, 1951. The only issue, therefore, is whether the language of the specification is broad enough to show that accused was on liberty at the time of the alleged offense.

We can test the sufficiency of this specification by the rule stated in the Manual for Courts-Martial, United States, 1951 Paragraph 87a(2) provides:

". . . The proceedings as to a specification should not be held invalid solely because the specification is defective unless it appears from the record that the accused was in fact misled by such defect or that his substantial rights were in fact otherwise materially prejudiced thereby. The test of the sufficiency of a specification is not whether it could have been made more definite and certain, but whether the facts alleged therein and reasonably implied therefrom set forth the offense sought to be charged

494

with sufficient particularity to apprise the accused of what he must defend against, and whether the record is sufficient to enable him to avoid a second prosecution for the same offense. . . ."

We believe the specification more than meets those standards. In making this determination all words and phrases contained in the specification are given their ordinary meaning, force and effect. See United States v. Steele, (No. 943), 9 CMR 9, decided April 14, 1953. Here accused was charged with violating Article 92, supra, in failing to obey a lawful order which it was his duty to obey. The elements of that offense are stated in paragraph 171b, Manual for Courts-Martial, United States, 1951, and they are as follows:

"Proof.—(a) That a certain lawful order was issued by a member of the armed forces; (b) that the accused had knowledge of the order; (c) that it was the duty of the accused to obey the order; and (d) that the accused failed to obey the order."

In addition to the enumerated element the Manual, supra, further provides that:

"The particular order, or specific portion thereof, the accused is charged with having violated should be set forth in the specification in order that the accused may be fully apprised of the offense he is alleged to have committed."

An inspection of the specification will disclose that all essential elements are alleged and that the portion of the order violated is set out fully. Furthermore, the portion of the order alleged shows clearly that the wearing of the white jumper was mandatory only while on liberty pass and the specification alleges a violation of the order by not wearing that particular article of the prescribed uniform. The gravamen of the offense is failure to obey an order and we wonder how it can be reasoned that the specification does not allege that offense. The argument that the specification does not show the accused was on liberty fails when it must, of necessity, follow that the accused could not disobey the order without being on liberty. There could not be a disobedience unless the accused was in that status as failure to wear it on other occasions would not be a violation of the order. We do not understand the rule governing pleadings to go so far as to hold that every self-evident fact must be alleged. Neither do we understand that required implication cannot be considered in determining the sufficiency of a specification. Moreover, we have previously decided that formal defects which are not prejudicial to the accused will not invalidate pleadings. See United States v. Marker, (No. 281), 3 CMR 127, decided May 19, 1952.

By considering one additional allegation of the specification we reached the same result. Under the wording of the order it could apply only to one particular class, namely, those personnel on liberty pass. If an enlisted man was a member of that class he came under the terms of the order, otherwise not. The specification alleged the accused had an obligation to obey the order to wear a white jumper and unless he was on liberty that duty would not be imposed on him.

It is unthinkable to believe that the accused was not apprised of the offense he must defend against or that the specification was so incomplete that accused would be unable to avoid prosecution for the same offense. His brief states "the accused could not know against what evidence regarding his duty status, he would be required to defend." The short answer to that assertion is this: Had he elected to defend he would have been concerned only with a liberty pass status. Having pleaded guilty, that status is admitted. We wonder how then he would encounter difficulty in avoiding a second prosecution.

The decision of the board of review is reversed and the record is returned to The Judge Advocate General of the Navy for action consistent with this opinion.

Chief Judge QUINN and Judge BROSMAN concur.