UNITED STATES, Appellee

v.

CALVIN T. BROWN, Quartermaster Chief,
U. S. Navy, Appellant

4 USCMA 683, 16 CMR 257

No. 4690

Decided September 10, 1954

Fred W. Shields, Esq., for Appellant.

LCDR H. D. Golds, USNR, and LT James F. Chapman, USNR, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

In this case we are met by a limitation of actions problem. Following trial by a general court-martial convened at the United States Naval Base, Norfolk, Virginia, the accused, Brown, was convicted of lewd and lascivious conduct, in violation of the Articles for the Government of the Navy, Article 8, 34 USC § 1200. He was sentenced to be reduced in grade to seaman recruit and to receive a bad-conduct discharge. The findings and sentence were approved by the convening authority and have been affirmed by a board of review. We granted the accused's petition for review limited to the question of whether his prosecution was barred by the statute of limitations. Consideration of this issue does not require a recitation of the facts on which the conviction was based—and only pertinent procedural data will be summarized.

## II

Brown was originally charged with an attempt to commit sodomy and with lewd and lascivious conduct, in violation of the Uniform Code of Military Justice, Articles 80 and 134, 50 USC §§ 674, 728, respectively. These charges—each containing a single specification alleging the date of the offenses to have been June 13, 1951 —were verified on November 7, 1952, and the accused was informed of their existence on November 11, 1952. They were forwarded through appropriate channels to the convening authority on January 22, 1953, and were referred for trial by general court-martial on February 7, 1953. On March 12, 1953—at the commencement of the trial of a companion case, United States v. Teague—the specification under which the accused there was to be tried was amended to allege the commission of the offense "on or about 1 March 1951," rather than "on or about 13 June 1951." Because of this amendment, counsel for Teague moved for a further pretrial investigation. This motion was granted by the law officer.

Since the evidence to be used in the prosecution of Teague was essentially similar to that on which the Government proposed to rely in the subsequent trial of the present accused, trial and defense counsel agreed that the investigating officer should inquire into the charges against both Teague and Brown at the same hearing session. On the following day a further investigation was ordered and later conducted—and as a result the convening authority directed that the trial of Teague should

684

open on March 16, 1953, under the original charge and specification as amended. By a second indorsement to the charge sheet in the case at bar, dated March 18, 1953, the convening authority directed trial counsel to amend the charge sheet before us here to allege the date of the offenses as "on or about 1 March 1951," and to charge a violation of the Articles for the Government of the Navy, rather than an infraction of the Uniform Code of Military Justice.

Following this amendment, defense counsel entered a plea of the statute of limitations, which was overruled by the law officer. Since the accused was found not guilty under the first specification, it need receive no further attention. With respect to the offense charged in the second specification, counsel admit—and there can be no doubt in the matter—that the period of the statute is two years, under both Article 61, Articles for the Government of the Navy, and Article 43(c), Uniform Code of Military Justice, 50 USC § 618. Under the former Article, the statute was tolled by the issuance of the order for trial, while under the latter, this result is effected by the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command concerned. In addition, the Manual for Courts-Martial, United States, 1951, paragraph 68c, provides:

"If, prior to 31 May 1951, the trial or punishment of any crime or offense has been barred by the running of the statute of limitations under the law in effect prior to that date, Article 43 of the code shall not be construed as reviving liability to trial or punishment for such crime or offense. However, if the statute of limitations has not run prior to 31 May 1951, the running of the statute of limitations shall be governed by the provisions of Article 43 of the code."

III

A consideration of the relevant dates set out earlier in this opinion demonstrates that the statute of limitations applicable to the offense in question under the Articles for the Government of the Navy had not run prior to May 31, 1951. It is clear, therefore, that the provisions of the Code are controlling in the situation before us. Equally manifest is it that the sworn charges, as originally drafted, were received by appropriate authority in ample time to toll the statute as to the offense both as first alleged and as amended. It follows that, if the amendments authorized by the convening authority were permissible, the present prosecution was not barred. In this connection, appellate defense counsel urge that the amended specification designated a crime quite different from that comprehended in the original one, and alleged an offense as to which the period of limitation had expired. They point out that the amended specification laid against the accused an offense said to have been committed on or about March 1, 1951, and thereafter argue that, since this specification could not have been "received" by the convening authority before March 18, 1953—the date of trial —the prosecution is foreclosed through the running of the statute.

It is to be observed that the convening authority directed that two alterations be made in the original charges— one having to do with the time at which the crime was committed; the other relating to the statute under which the offense was laid. Since both the original and amended specifications alleged the same offense—and one of which courts-martial have jurisdiction—the latter variation is without significance. Manual, supra, paragraph 27; United States v. Deller, 3 USCMA 409, 12 CMR 165; United States v. Hutcheson, 312 US 219, 85 L ed 788, 61 S Ct 463. The critical question presented here then is whether the convening authority could properly order a change in the date of the commission of the offense. The pertinent portion of the Code, supra—Article 34(b)—provides as follows:

"If the charges or specifications are not formally correct or do not conform to the substance of the evidence contained in the report of the investigating officer, formal corrections, and such changes in the charges

and specifications as are needed to make them conform to the evidence may be made."

Consistent with the policy enunciated in this Article, the Manual, paragraph 33*d*, provides that "the charges may be redrafted over the accuser's signature, provided the redraft does not include any *person, offense,* or *matter* not fairly included in the charges as preferred." (Emphasis supplied.) It is quite apparent that the language of these sources contemplates a reposal in the convening authority of ample authority to effect the modifications under scrutiny here. Moreover, a reference to the legislative history of Article 34(*b*) supplies assurance that Congress fully intended that the power delegated in this subsection be as broad as its language indicates.

During the hearings conducted by the Committees on Armed Services of the Senate and House prior to the passage of the Uniform Code, objection to Article 34(*b*) in its present form was made by the Judge Advocate of the District of Columbia Department of the American Legion. Hearings before the Senate Committee on Armed Services, 81st Congress, 1st session, on S. 857 and H. R. 4080, page 197; Hearings before the House Committee on Armed Services, 81st Congress, 1st session, on H. R. 2498, page 684. On behalf of that organization, it was protested that without additional clarification—including the imposition of restrictions on permissible changes—the power granted was susceptible of flagrant misuse. Notwithstanding this objection, the provisions of Article 34(*b*) were adopted without amendment, and in recommending passage of the Uniform Code, the Committee on Armed Services of both branches of the Legislature reported as follows:

"*Article 34. Advice of staff judge advocate and reference for trial.*

"This article is derived from AW 47b. Subdivision (b) makes clear that in addition to formal corrections, changes in the charges may be made in order to make them conform to the evidence brought out in the investigation without requiring that new charges be drawn and sworn to." [House Report No. 491, page 20 and Senate Report No. 486, page 17, 81st Congress, 1st Session, on H. R. 4080.]

Also, consistent with the underlying principle of Article 34(*b*) are the liberal provisions relating to the amendment of charges and specifications which are defective in matters of form —including those containing insufficient allegations of time and place. See Manual, supra, paragraph 69*b*.

An analogous situation involving these provisions was presented to this Court in United States v. Squirrell, 2 USCMA 146, 7 CMR 22, where we approved the amendment at trial of a desertion specification with respect to the date of the beginning of the accused's absence. During the course of the opinion, Judge Latimer, speaking for the Court, observed:

"Counsel for accused press on us the argument that charges and specifications under the military procedure are similar to indictments under the civilian procedure and that the strict rule against permitting amendments should be enforced. The Government, on the other hand, contends that the more liberal rule applied to amending informations should be the one controlling in our system. We believe the remarks made in United States v. Marker (No. 281), 3 CMR .127, decided May 19, 1952, point the direction this Court is taking in disposing of matters affecting pleadings:

'Fortunately we are no longer bound by the ancient rigor of pleading at common law. It is the modern rule that formal defects in indictments, not prejudicial, will be disregarded. . . .'"

Cf. United States v. Detion [ACM 7211], 13 CMR 846; United States v. Robinson [ACM 5651], 7 CMR 618. We also pointed out in the Squirrell case that the present Federal Rule permits the amendment of an information at any time before verdict, provided no additional or different offense is charged and the substantial rights of a defendant are not prejudiced. Federal Rules of Criminal Procedure, Rule

7 (e). It is well settled in the Federal law that, where time is not an essential element of an offense, allegations as to date are immaterial. Hale v. United States, 149 F2d 401 (CA5th Cir). See also: Weatherby v. United States, 150 F2d 465 (CA10th Cir); Berg v. United States, 176 F2d 122 (CA 9th Cir).

## IV

In addition, an analysis of the cases reveals that liberality of amendment of both indictments and informations is the prevailing rule in a majority of the states. Under various enabling statutes, courts are quite generally empowered to correct erroneous allegations concerning the time at which an offense was committed—when time is not of the essence of the crime. People v. Stone, 89 Cal App2d 853, 202 P2d 333; People v. Jones, 308 Mich 43, 13 NW2d 201; State v. McCrae, 222 SC 194, 72 SE2d 451; see notes, 7 ALR 1531, 1543; 68 ALR 931, 936.

The facts in the case of Ex Parte Davis, 13 Cal App2d 109, 56 P2d 302, are strikingly similar to those of the case at bar. There the defendant was accused in two counts of an information filed June 13, 1932, of separate acts of incest alleged to have taken place on August 5 and September 1, 1929. At the trial, which occurred in July of 1932, the information was amended to allege the time of the commission of the crimes as June 5 and June 15, 1929, respectively. On appeal from a judgment of conviction under both counts, the defendant contended that the three year statute of limitations applicable to the offenses had in each instance expired. Rejecting this contention, the court stated what appears to be the modern view in the following language:

"Finally, it is asserted both counts of the amended information are barred by the statute of limitations for the reason that more than three years elapsed from the dates of the alleged offenses before the information was amended and that the changes which were made July 7, 1932, with respect to the dates of the crimes, constituted new and different offenses from those which were orig-

inally charged. It is claimed the date of the amendments fixes the time of the actual commencement of the prosecution of these cases, for the changes which were made in the information amount to the presenting of a new information for different offenses. There is no merit in this contention.

"The mere changing of the alleged dates of the crimes, under the circumstances of this case, does not have the effect of charging different offenses, nor does it amount to the filing of a new information. The information was merely amended by leave of the court under the provisions of section 1008 of the Penal Code to correct defects in the alleged dates of the particular offenses charged. The rights of the defendant were not prejudiced thereby. The information was not changed in any particular except as to the alleged dates of the offenses charged. These dates were changed on the face of the original information. Both counts in the original and amended information charged the defendant with similar acts of incest upon the same individual. The defendant was charged with successive acts of incest upon the same female. It is evident that the mere change of the alleged dates of the particular offenses relied upon would add no burden or prejudice the defendant in the presentation of whatever defense he may have had."

See also, People v. Lachuk, 5 Cal App 2d 729, 43 P2d 579; State v. Naujoks, 95 NJL 500, 113 Atl 228; State v. Weston, 128 Wash 550, 223 Pac 321; State v. Williams, 143 La 424, 78 So 662.

Where time *is* of the essence of the crime, allegations concerning the date of the offense become matters of substance. For example, the date of the offense would doubtless be of substance in a prosecution for violating a Sunday "blue law," or possibly in a prosecution for statutory rape. In these instances, amendments which would have the effect of charging the accused with an additional offense, or of changing the nature of the crime alleged, are not permitted. See State v. Sing Lee, 94 NJL 266, 110

Atl 113; State v. Faulks, 97 NJL 408, 117 Atl 476. On the other hand, where time is *not* of the essence, it is the general rule that an erroneous statement of the date of the offense constitutes a matter of mere form, and amendments are freely permitted where they do not operate to change the nature of the crime charged, and there is no showing that the defendant had been misled or prejudiced in his defense on the merits. Rogers v. State, 226 Ind 539, 82 NE2d 89, *cert den* 336 US 940, 93 L ed 1098, 69 S Ct 743; Commonwealth v. Ashe, 367 Pa 234, 80 A2d 62.

Viewing the redraft of the charges and specifications in the case at bar in the light of these considerations, we conclude that the changes directed by the convening authority were permissible. Obviously, the altered specification included no *person, offense,* or *matter* not fairly included in the original charges. As the elements of the crime, both before and after amendment, were identical, no new or different offense was charged. Nor is there the slightest suggestion in the record that the amendment misled the accused as to the nature or identity of the offense against which he was required to defend. On the contrary, it is clear that no such contention could be made justifiably. At the insistence of the accused, an additional pretrial investigation was conducted, following developments in the earlier trial of Teague which indicated that a change in the date alleged in the specifications then current might be required. The results of this investigation—of which the accused was fully informed in advance of trial—overtly foreshadowed the changes which were subsequently made.

The accused made no request for a continuance. Rather he gave repeated assurances, both during the investigation and at the court-martial, that he was prepared to proceed to hearing. It is manifest from the deportment of defense counsel that no fundamental change of tactics was necessitated by the amendments, and that the accused was not compelled thereby to construct his defense anew. Moreover, the amended specification did not allege the offense to have been committed at a date which would have been barred by the statute of limitations. When the original sworn charges were received by the "officer exercising summary court-martial jurisdiction," the plea of the statute would not have been available to the accused with respect to the offense as it was alleged in the amended specification. On the whole, there can be no question that the accused was not misled or prejudiced in his defense on the merits.

## V

A final point raised by the accused deserves brief consideration. Appellate defense counsel assert that the offense in question is not a continuing one, and argue that a change in the date thereof necessarily altered its identity. Thus —they contend—a plea of double jeopardy, based on the judgment in this case, would not preclude a later prosecution under the charge and specification as originally drawn. We believe this contention to be without merit.

While it is true that each act of lewd and lascivious conduct constitutes a separate offense, time is not of the essence of the crime. Both the original and amended specifications alleged a particular act of improper conduct, committed in conjunction with a specifically named individual. Were it to appear that the accused had committed the same act with the same individual at two different times, of course he would not be entitled to the benefits of a plea of former jeopardy. Otherwise, we are sure that the specification here is characterized by sufficient specificity so that —together with the evidence of record —the accused could prevent his retrial for the same offense. United States v. Marker, 1 USCMA 393, 3 CMR 127; United States v. Simpson, 2 USCMA 493, 9 CMR 123.

## VI

In view of what has been said, we conclude that the present prosecution was not barred by the statute of limitations. It follows that the decision of the board of review must be affirmed.

Chief Judge QUINN and Judge LATIMER concur.