*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

## UNITED STATES
Appellee

**v.**

## Norman R. STOUT, Staff Sergeant
United States Army, Appellant

**No. 18-0273**
Crim. App. No. 20120592

Argued December 4, 2018—Decided August 22, 2019

Military Judge: S. Charles Neill

For Appellant: *Captain Timothy G. Burroughs* (argued); *Lieutenant Colonel Tiffany D. Pond* and *Major Jack D. Einhorn* (on brief); *Lieutenant Colonel Christopher D. Carrier* and *Major Julie L. Borchers.*

For Appellee: *Captain Sandra L. Ahinga* (argued); *Lieutenant Colonel Eric K. Stafford, Major Wayne H. Williams*, and *Captain Catherine M. Parnell* (on brief); *Major Austin L. Fenwick.*

Chief Judge STUCKY delivered the opinion of the Court, in which Judge SPARKS joined. Judge RYAN filed a separate concurring opinion. Judge MAGGS filed a separate opinion concurring in the judgment. Judge OHLSON filed a separate dissenting opinion.

───────────────

Chief Judge STUCKY delivered the opinion of the Court.

As originally written, the specifications now subject to appeal alleged that Appellant committed offenses during three distinct periods, ranging from six days to five weeks in duration. Prior to referral, the Government amended these specifications to conform the time frame of the offenses to the substance of his victim's testimony during the preliminary hearing. As a result, each specification encompassed a period of roughly nine months. The increases to the charged time frames ranged from 264 to 300 days. We granted review to determine whether these changes were "major," requiring preferral anew in accordance with Rule for Courts-Martial (R.C.M.) 603. While the case was pending, we re-

quested supplemental briefing to address whether our previous decision in *United States v. Brown*, 4 C.M.A. 683, 16 C.M.R. 257 (1954) or whether Article 34(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 834, controlled the outcome of this case.[1] We now conclude that Article 34(c), UCMJ, does.[2] Prior to referral, Article 34, UCMJ, specifically permits changes to conform the charges and specifications to the substance of the evidence in the report prepared by the investigating officer under Article 32, UCMJ, 10 U.S.C. § 832 (2012). Because that is what happened here, we affirm the judgment below.

## I. Background

While stationed at Fort Drum and living in Watertown, New York, Appellant repeatedly sexually abused his stepdaughter, NL. When Appellant deployed to Iraq, the rest of his family moved to Michigan, where NL disclosed the abuse. During the Article 32, UCMJ, investigation that followed, NL testified that she could not recall the order in which or the dates on which the charged acts occurred; she only knew that the abuse occurred while she was in Watertown. However, she stated that her mother would be able to provide the correct dates for that period of time. Her mother subsequently testified that the family lived in Watertown from August 2008 until June 2009.

For reasons unknown, the three specifications pertinent here were originally charged as occurring "between on or about": August 1, 2008, and August 6, 2008;[3] January 14, 2009, to January 28, 2009;[4] and February 14, 2009, to

---

[1] *United States v. Stout,* No. 18-0273, 2019 CAAF LEXIS 358, 2019 WL 2093326 (C.A.A.F. Apr. 22, 2019) (order requesting supplemental briefing).

[2] For this reason, we need not resolve the question of whether the changes in Appellant's case were "major." We note that the current R.C.M. 603 in *Manual for Courts-Martial, United States* (2019 ed.)*,* permits changes to charges and specifications prior to referral regardless of whether they are major or minor.

[3] Specification 1 of Charge I: Appellant placing NL's hand on his penis.

[4] Specification 6 of Charge I: Appellant entering the bathroom and observing NL naked in the shower.

March 22, 2009.[5] These specifications were conditionally dismissed pursuant to a pretrial agreement when Appellant pled guilty to abusive sexual contact, indecent liberties, and possession of child pornography. After the United States Army Court of Criminal Appeals (CCA) found his pleas improvident and set aside the findings,[6] the Government made pen and ink changes to all three specifications, changing the date range of all three specifications to encompass the period in which the abuse occurred according to the pretrial investigation testimony: August 2008 to June 2009. The staff judge advocate then prepared the pretrial advice and delivered it to the convening authority, who referred the case to a general court-martial.

Appellant's trial began over ten months later. At trial, the defense filed a motion to dismiss on the grounds that the changes to the charge sheet were major changes barred by R.C.M. 603. The military judge ruled that the changes were minor. The military judge also noted that, because the changes were made before referral, "[t]he accused has been on notice of these changes and his counsel have been able to prepare accordingly."[7]

## Analysis

Article 34,UCMJ, specifically allows the Government to make changes to the charges and specifications to bring them into alignment with the evidence adduced by the pretrial investigation:

> If the charges or specifications are not formally correct or do not conform to the substance of the evidence contained in the report of the investigating officer, formal corrections, and such changes in the

---

[5] The Specification of Charge II: sodomy of NL.

[6] *United States v. Stout*, No. ARMY 20120592, 2014 CCA LEXIS 469, at *10, *19–20, 2014 WL 7227360, at *4, *7 (A. Ct. Crim. App. July 25, 2014).

[7] As a factual matter, notice to the Appellant was indeed ample. The substance of the changed time frame was developed at the Article 32, UCMJ, hearing in 2012 and many months passed between the pen-and-ink changes referred to Appellant's second trial in November 2014 and the trial itself in September of 2015.

charges and specifications as are needed to make them conform to the evidence, may be made.[8]

We begin statutory analysis by examining the plain language. "The plain language will control, unless use of the plain language would lead to an absurd result." *United States v. Lewis*, 65 M.J. 85, 88 (C.A.A.F. 2007). The words of Article 34 are clear and unambiguous: before referral, changes may be made to conform the specifications to the evidence contained in the report of the Article 32 investigating officer. In this case, that report showed that the offenses occurred sometime between August 2008 and June 2009, and the specifications were amended to reflect that. That is sufficient to resolve this case and affirm the judgment below.

### Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.

----

[8] 10 U.S.C. § 834(c) (2012). In the Military Justice Act of 2016, Article 34, UCMJ, was amended and restyled:

> (c) GENERAL AND SPECIAL COURTS-MARTIAL; CORRECTION OF CHARGES AND SPECIFICATIONS BEFORE REFERRAL. Before referral for trial by general court-martial or special court-martial, changes may be made to charges and specifications–
>
> > (1) to correct errors in form; and
>
> > (2) when applicable, to conform to the substance of the evidence contained in a report under section 832(c) of this title (article 32(c)).

National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5205, 130 Stat. 2000, 2908 (2016).

Judge RYAN, concurring.

As the majority opinion explains, there is no question that the changes to the charge sheet at issue here comply with Article 34, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 834 (2012), which authorizes changes to charges and specifications made prior to referral to conform them to evidence adduced at an Article 32, UCMJ, 10 U.S.C. § 832 (2012), investigation. *See United States v. Stout*, __ M.J. __ (4) (C.A.A.F. 2019). I therefore concur in full with the majority's opinion. I write separately to express my view that Rule for Courts-Martial (R.C.M.) 603, *Manual for Courts-Martial, United States* (2012 ed.) (*MCM*), applies only to post-referral changes to charges and specifications and is thus inapplicable to this case.

The procedural posture of the instant case is unusual, and perhaps for that reason we are focused on the wrong question. The issue we granted concerns whether changes of 300 days, 286 days, and 264 days to the time frame alleged in three specifications constitutes a "major change" under R.C.M. 603. But the inquiry into whether a change is major or minor under R.C.M. 603 is reserved for changes to charges that have already been referred, which is not what happened in this case.[1] Rather, this case concerns amendments made before referral of the charges, and the most reasonable construction of R.C.M. 603 is that it does not apply to pre-referral changes to charges and specifications.

We apply ordinary principles of statutory construction to the Rules for Courts-Martial. *United States v. Lewis*, 65 M.J. 85, 88 (C.A.A.F. 2007). While R.C.M. 603 does not specifically state that its limitation on major changes over an accused's objection applies only to referred charges, its placement within the overall structure of the *MCM* indicates the point in the court-martial proceeding during which it applies. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("In ascertaining the plain meaning of the statute, the

---

[1] Of course, the revised version of R.C.M. 603(c) in the *MCM* (2019 ed.) specifically recognizes that major or minor changes may be made prior to referral, but this does nothing more than reflect the statutory guidance provided by Article 34, UCMJ.

court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."). R.C.M. 603 is contained within ch. VI of the R.C.M., "Referral, Service, Amendment, and Withdrawal of Charges," which details the referral process and other applicable rules following referral (e.g., service of charges and withdrawal of charges). *See generally MCM* pt. II, ch. VI; *see also Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (" '[T]he title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute." (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 529 (1947))). Given this structural context, the most natural understanding is that the 2012 version of R.C.M. 603 governs the amendment of charges after the convening authority's decision as to the disposition of charges, R.C.M. 407, after the convening of a court-martial pursuant to ch. V of the R.C.M., and after the charges have been referred to a court-martial by the convening authority in accordance with R.C.M. 601.[2]

Further, I am fully unpersuaded that *United States v. Brown*, 4 C.M.A. 683, 16 C.M.R. 257 (1954), stands for the proposition that R.C.M. 603 controls the disposition of this case. First, the holding in *Brown* primarily dealt with the question whether a change in dates that had been fully explored at an Article 32, UCMJ, investigation the appellant

---

[2] I recognize that R.C.M. 603(b) provides that "[a]ny person forwarding, acting upon, or prosecuting charges on behalf of the United States except an investigating officer appointed under R.C.M. 405" is permitted to make minor changes before arraignment. But while "forwarding" and "acting upon" charges are events that occur prior to referral, the context of these words in the rule makes it clear that they modify the person that is permitted to make the authorized minor changes, not the point in time to which it applies. *See* R.C.M. 603(b). The fact that so-called minor (as well as "major") changes that conform with the statute would already be permissible under Article 34, UCMJ, counsels in favor of construing R.C.M. 603(b), and by extension all of R.C.M. 603, as applying only to post-referral changes. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (providing that a statute "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant").

insisted upon was permissible under Article 34, UCMJ. 4 C.M.A. at 684–85, 688, 16 C.M.R. at 258–59, 262. As in this case, the changes were permissible under Article 34, UCMJ. 4 C.M.A. at 688, 16 C.M.R. at 262. Second, while *Brown* certainly mentioned—in passing only—that its analysis of Article 34, UCMJ, conformed with the text of para. 33*d* of the *MCM* (1951 ed.), 4 C.M.A. at 686, 16 C.M.R. at 260, that paragraph occupied a different place in the overall structure of the earlier editions of the *MCM* than R.C.M. 603 occupies after the 1984 amendments to the *MCM* (1984 ed.). Para. 33*d* was situated in ch. VII of the *MCM* (1951 ed.), which covered "Submission of and Action Upon Charges"—*any* actions taken on the charges by the officer exercising court-martial jurisdiction. It could thus be construed as applying both to pre- and post-referral changes. By comparison, the structure of ch. VI of the current version of the R.C.M., as detailed above, strongly suggests that R.C.M. 603 deals solely with the referral process and post-referral procedures. Finally, even assuming arguendo that changes in dates of 300, 286, and 264 days constitute "minor" changes for purposes of R.C.M. 603, *see United States v. Stout*, __ M.J. __ (3–4) (C.A.A.F. 2019) (Maggs, J., concurring in the judgment), such changes would *only* be permissible under Article 34, UCMJ, if made to conform the charges and specifications to the evidence adduced at an Article 32, UCMJ, investigation. *See* Article 34(c), UCMJ. In short, calling date changes "minor" does not permit them to diverge from the substance of the evidence adduced at the Article 32, UCMJ, investigation. *But see Stout*, __ M.J. __ (3–4) (Maggs, J., concurring in the judgment).

In this case the substance of the evidence upon which the changes were based was elicited in the Article 32, UCMJ, investigation (indeed it was the charges referred to Appellant's first court-martial that were inconsistent with that evidence), and the charges and specifications were the subject of an Article 34, UCMJ, staff judge advocate recommendation. Specifically, the report from the Article 32, UCMJ, investigating officer indicated that the offenses occurred during the period between August 2008 and June 2009—which corresponded to the time Appellant and his family lived in Watertown, New York—and the changes conform

the specifications to this evidence. Because Article 34, UCMJ, governs changes to charges and specifications made prior to referral and R.C.M. 603 governs changes made after referral, this is simply not an R.C.M. 603 case.

Judge MAGGS, concurring in the judgment.

Before referral and arraignment, the Government amended the dates stated in three specifications of the charge sheet. The amendments expanded the time frames in which the alleged offenses occurred by 300 days, 286 days, and 264 days respectively. The applicable version of Rule for Courts-Martial (R.C.M.) 603(b) provided that "[a]ny person . . . prosecuting charges on behalf of the United States . . . may make minor changes to charges or specifications before arraignment," while R.C.M. 603(d) provided that "[c]hanges or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew."[1] R.C.M. 603(a) defined "[m]inor changes" as "any [changes] except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." The military judge and the United States Army Court of Criminal Appeals (ACCA) concluded that the changes in the dates were permissible under R.C.M. 603(b) because they were all minor changes as defined in R.C.M. 603(a). *United States v. Stout*, No. ARMY 20120592, 2018 CCA LEXIS 174, at \*13–14, 2018 WL 1756631, at \*6 (A. Ct. Crim. App. Apr. 9, 2018).

Appellant argues that the changes to the dates were not minor changes, and thus they were not permitted under R.C.M. 603(b) and were prohibited under R.C.M. 603(d). I disagree with Appellant's argument. I share the ACCA's view that the changes were minor, and I would affirm the judgment of the ACCA on that ground. Unlike the Court today, I express no opinion on the issue of whether Article 34(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C.

---

[1] The Government made the changes to the charge sheet on November 3, 2014. The applicable version of R.C.M. 603 is therefore found in the *Manual for Courts-Martial, United States* (2012 ed.) (*MCM*). The President subsequently substantially amended R.C.M. 603 in the *MCM* (2019 ed.).

§ 834(c), permits changes to charges prior to referral, regardless of whether they are major or minor changes.[2]

The Court addressed the issue of whether the government may amend the dates expressed in a specification in *United States v. Brown*, 4 C.M.A. 683, 16 C.M.R. 257 (1954). In *Brown*, a specification in the charge sheet originally alleged that the accused had engaged in lewd and lascivious conduct in violation of Article 134, UCMJ, 10 U.S.C. § 934, on June 13, 1951. *Id.* at 684, 16 C.M.R. at 258. Prior to referral and arraignment, based on new information received in a related case involving another accused, the convening authority ordered the specification to be amended to allege that the conduct in question had occurred " 'on or about 1 March 1951.' " *Id.* at 684, 16 C.M.R. at 258. The key issue in the case was "whether the convening authority could properly order a change in the date of the commission of the offense" without preferring the charge anew. *Id.* at 685, 16 C.M.R. at 259.

Paragraph 33*d* of the *MCM* (1951 ed.) stated the applicable rule. This paragraph provided in relevant part: "Obvious errors [in charges] may be corrected and the charges may be redrafted over the accuser's signature, provided the redraft does not include any person, offense, or matter not fairly included in the charges as preferred." The Court in *Brown* held that the change in dates was permissible under para. 33*d* because "the elements of the crime, both before and after amendment, were identical" and because the amendment could not have "misled the accused as to the nature or identity of the offense against which he was required to defend." *Brown*, 4 C.M.A. at 688, 16 C.M.R. at 261. The Court reasoned more generally:

> [W]here time is not of the essence, it is the general rule that an erroneous statement of the date of the

---

[2] I prefer to resolve this case by addressing the issue of whether the changes were major or minor under R.C.M. 603 because the ACCA decided this issue, we granted review of this issue, and the parties have contested this issue in their original and supplemental briefs. Although they may be correct, neither party has advanced the positions taken by the Court's opinion or Judge Ryan's concurrence in this case.

> offense constitutes a matter of mere form, and amendments are freely permitted where they do not operate to change the nature of the crime charged, and there is no showing that the defendant had been misled or prejudiced in his defense on the merits.

*Id.* at 688, 16 C.M.R. at 262 (citations omitted).

The Government argues that this Court should follow this precedent and conclude that the changes to the specifications at issue here are permissible as "minor changes." As in *Brown*, the Government contends, the changes merely altered the alleged dates of offenses, and did not affect the nature or identity of the offenses against which Appellant had to defend himself. I agree.

The present case is indistinguishable from *Brown*. True, the changes to the dates in the three specifications at issue in this case added up to 300, 286, and 264 days respectively, while the change in dates in *Brown* was for only 104 days. But under the reasoning of *Brown*, the length of time involved in a change of dates is not pertinent unless time is of the essence. And our decisions, following *Brown*, have allowed even greater changes in dates. *See, e.g., United States v. Spann*, 10 C.M.A. 410, 411–12, 27 C.M.R. 484, 485–86 (1959) (following *Brown* and upholding an amendment to a specification that extended the final day of an alleged period of desertion from June 9, 1945, to May 14, 1958, where the period of desertion was not an element of the offense).

Changes to the *MCM* since *Brown* was decided also have not rendered *Brown* obsolete. The applicable version of R.C.M. 603 differs from para. 33*d* of the 1951 *MCM* in only two key respects, neither of which has relevance to *Brown* or this case. One difference makes R.C.M. 603 *more* permissive of changes than para. 33*d*. Paragraph 33*d* did not allow redrafting charges if the redraft included any "matter not fairly included in the charges as preferred." In contrast, R.C.M. 603 does not allow redrafting if the redraft includes a "*substantial* matter not fairly included in [the charges] previously preferred." R.C.M. 603(a) (emphasis added). This difference between para. 33*d* and R.C.M. 603 is irrelevant because neither *Brown* nor this case involves the addition of a new matter, substantial or otherwise. The second difference be-

tween the applicable version of R.C.M. 603(a) and para. 33*d* is that R.C.M. 603(a) excludes from the definition of minor change any changes that "*are likely to mislead the accused as to the offenses charged.*" (emphasis added). This additional restriction does not affect the application of *Brown* to this case because Appellant does not contend that the changes in dates were likely to mislead him.

Finally, the central holding in *Brown*—that changes in dates are ordinarily minor changes—has not been overruled. Appellant argues that *Brown* is invalid because of our decision in *United States v. Reese*, 76 M.J. 297, 302 (C.A.A.F. 2017). But *Reese* only eliminated the requirement, suggested by *Brown* and other cases,[3] that an appellant must show that a major change resulted in prejudice to be afforded relief. *Reese* merely holds that *if a major change has been made*, no prejudice need be shown. *Id. Reese* does not affect the prior question of what is or is not a major change.

Accordingly, I would affirm the United States Army Court of Criminal Appeals. I therefore concur in the judgment.

---

[3] *See, e.g.*, *United States v. Smith*, 49 M.J. 269, 270 (C.A.A.F. 1998); *United States v. Brown*, 34 M.J. 105, 109 (C.M.A. 1992); *United States v. Johnson*, 12 C.M.A. 710, 711, 31 C.M.R. 296, 297 (1962).

Judge OHLSON, dissenting.

As noted by the majority, Article 34, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 834 (2012), authorizes the government to make changes to a charge sheet in order to have it properly reflect the evidence adduced at the Article 32, UCMJ, 10 U.S.C. § 832 (2012), hearing. They view this provision as being "sufficient to resolve this case and affirm the judgment below." *United States v. Stout*, __ M.J. __ (4) (C.A.A.F. 2019). In my view, however, Rule for Courts-Martial (R.C.M.) 603—which prescribes *how* changes may be made to a charge sheet—*also* must be complied with in cases such as the one before us. I reach this conclusion for two reasons: (a) this Court should seek to harmonize relevant provisions of the UCMJ and the R.C.M.—such as Article 34, UCMJ, and R.C.M. 603;[1] and (b) the President has the authority—such as in R.C.M. 603—to provide servicemembers with rights greater than those afforded by Congress as long as such an enhancement of rights does not run counter to a specific congressional mandate or prohibition.[2] In the course of harmonizing Article 34, UCMJ, with R.C.M. 603, and then applying the increased procedural protections afforded servicemembers under the latter provision, I conclude that the Government failed to follow the procedures required under R.C.M. 603. Accordingly, I believe that the convictions for Specifications 1 and 6 of Charge I and the Specification of Charge II must be reversed. Therefore, I respectfully dissent.

As noted above, in Article 34, UCMJ, Congress authorized the government to make changes to a charge sheet after

---

[1] "This Court typically seeks to harmonize independent provisions of a statute." *United States v. Christian*, 63 M.J. 205, 208 (C.A.A.F. 2006); *see also United States v. LaGrange*, 1 C.M.A. 342, 344, 3 C.M.R. 76, 78 (1952) (expressing that it is this Court's "duty to reconcile any conflicting provisions [in the UCMJ and the *Manual for Courts-Martial*] dealing with the same subject matter and to construe them, in so far as reasonably possible, so as to be in harmony with each other").

[2] "[W]here the President unambiguously gives an accused greater rights than those conveyed by higher sources, this Court should abide by that decision unless it clearly contradicts the express language of the Code." *United States v. Davis*, 47 M.J. 484, 486 (C.A.A.F. 1998).

preferral in order to have the charge sheet properly reflect the evidence adduced at the Article 32, UCMJ, hearing. In R.C.M. 603, the President then spelled out how those changes contemplated by Article 34, UCMJ, may be made. Specifically, R.C.M. 603(b) authorizes the government to unilaterally make changes that are minor in nature without taking any formal procedural steps. On the other hand, when the government wishes to make changes to a charge sheet that are *not* minor, R.C.M. 603(d) makes it clear that the amended charges must be "preferred anew."[3]

Whether a change to a charge or specification is major or minor is a question of statutory interpretation that this Court reviews de novo. *United States v. Reese*, 76 M.J. 297, 300 (C.A.A.F. 2017). The Discussion section accompanying R.C.M. 603 provides clear and helpful guidance in regard to making this distinction. It explains that examples of minor changes include, inter alia, "those necessary to correct inartfully drafted or redundant specifications; to correct a misnaming of the accused; to allege the proper article; or to correct other *slight* errors." R.C.M. 603(a) Discussion (emphasis added).

Major changes, on the other hand, are simply defined as any changes "other than minor changes." R.C.M. 603(d). These major changes "may not be made over the objection of the accused unless the charge or specification affected is preferred anew." *Id.*

In the instant case, the Government wished to change the dates when it alleged that Appellant committed the charged offenses. But the change in dates was not a day or two, or a week or two, or even a month or two in length. Rather, long after the Article 32, UCMJ, hearing was conclud-

---

[3] In simplest terms, a charge sheet provides an accused with proper formal notice of what he needs to defend against at trial. Such notice is grounded in principles of fundamental fairness. And it is important to underscore that the government alone controls the charge sheet from the inception of the charges through the court-martial itself. Thus, the requirement that when the government makes *major* changes to a charge sheet it then must prefer those charges anew—which typically is a relatively simple step—is a small procedural price to pay to ensure that notice requirements are strictly adhered to and that principles of fundamental fairness are scrupulously observed.

ed, the Government decided that it wanted to change the dates of the charged offenses by approximately *300 days*. Common sense compels the conclusion that a change of that magnitude is not "minor."[4]

Prior to trial, Appellant timely objected to the Government's changes on R.C.M. 603 grounds.) The Government easily could have resolved this matter by preferring the charges anew. However, the Government declined to do so and the military judge overruled the accused's objection. The accused then was tried and convicted of the charges now at issue. I conclude that Appellant's convictions were obtained in direct contravention of the procedures required by the provisions of R.C.M. 603 and thus must be reversed. Accordingly, I disagree with the majority that Article 34, UCMJ, applies exclusively to the instant case,[5] and I therefore respectfully dissent.

---

[4] Indeed, although the motivation of the government is not relevant to a determination of whether a change is minor or major, it can be surmised that trial counsel in the instant case made these changes because he recognized the significant risk that the trier of fact would either (a) acquit the accused of the charges because the original dates on the charge sheet did not come close to matching the dates that would be elicited at trial, or (b) make a change to the dates through exceptions and substitutions that would on appeal be deemed a fatal variance under our case law. *See United States v. Hunt,* 37 M.J. 344, 347 (C.M.A. 1993). Therefore, it appears that even the Government likely recognized that the alterations to the charged time frame were not "minor" changes of little import to the successful prosecution of the case.

[5] This Court has addressed R.C.M. 603 in a number of cases and not once has it been suggested that Article 34, UCMJ, applies exclusively to instances where the government has made changes to specifications. *See United States v. Armstrong*, 77 M.J. 465 (C.A.A.F. 2018); *United States v. Honea*, 77 M.J. 181 (C.A.A.F. 2018); *Reese*, 76 M.J. at 299–302; *United States v. Moreno*, 46 M.J. 216 (C.A.A.F. 1997).